UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 21-51345-JRS |
| | : | |
| LARRY DARNELL GORE, JR., | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |

## MOTION FOR ORDER AUTHORIZING SETTLEMENT UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

COMES NOW S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate of Larry Darnell Gore, Jr. ("**Debtor**"), through undersigned counsel, and files his *Motion for Order Authorizing Settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "**Settlement Motion**"). In support of the Settlement Motion, Trustee respectfully shows:

### Jurisdiction and Venue

1. This Bankruptcy Court has jurisdiction over this Settlement Motion under 28 U.S.C. §§ 157 and 1334. Venue of this case in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought in this Settlement Motion is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). This Settlement Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

### Background

*a.     General Background*

2. On February 17, 2021 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code, initiating Case No. 21-51345-JRS (the "**Case**").

3. Also on the Petition Date, Debtor filed under penalty of perjury his *Statement of Financial Affairs, Schedules "A" through "J",* and *Other Bankruptcy Documents* [Doc. No. 1] (the "**Schedules**").

4. On September 24, 2021, Debtor filed a *Notice of Conversion of Case to Chapter 7 Under Section 1307(a)*. [Doc. No. 35].

5. The Case was converted to a proceeding under Chapter 7 on September 27, 2021. Trustee was thereafter appointed the duly acting Chapter 7 trustee in the Case under 11 U.S.C. § 701(a)(1), and he remains in this role.

6. At the commencement of the Case, the bankruptcy estate was created under 11 U.S.C. § 541(a) (the "**Bankruptcy Estate**"), and the Bankruptcy Estate includes all Debtor's legal or equitable interests in property as of the commencement of the Case and any interest in property that the Bankruptcy Estate acquired after commencement of the Case. 11 U.S.C. §§ 541(a)(1) and (7).

### b. The Property and the Claimed Exemption

7. On the Petition Date, Debtor was the sole owner of record of that certain real property with a common address of 198 Melody Lane, Lawrenceville, Gwinnett County, Georgia 30043 (the "**Property**").

8. On his *Schedule C: The Property You Claim as Exempt*, Debtor scheduled a homestead exemption in the Property in the amount of $21,500.00 under O.C.G.A. § 44-13-100(a)(1) (the "**Property Exemption**"). *See* [Doc. No. 1, page 15 of 55].

9. Trustee has filed a motion to, among other things, approve a proposed sale of the Property. [Doc. No. 68]. Trustee estimates that the proposed sale will result in approximately $140,000.00 to $150,000.00 coming into the Bankruptcy Estate.

### c. Post-Petition Damage and Repairs to Property

10. Upon information and belief, on or about May 22, 2021, after the Petition Date, the Property was damaged by water, and Debtor contracted with Peacemaker Contractors, LLC ("**Peacemaker Contractors**") to mitigate the damage.

11. Upon information and belief, and, again, after the Petition Date, Peacemaker Contractors repaired the damage and invoiced Debtor $13,983.84 for its services. Trustee attached a copy of the invoice of Peacemaker Contractors as Exhibit "B" to his sale motion. [Doc. No. 68].

12. Upon information and belief, Travelers Home and Marine Insurance Company ("**Travelers**") insured the Property, and it delivered a check to Debtor in the amount of $12,638.47 (the "**$12,638.47 Insurance Proceeds**") for the services provided by Peacemaker Contractors.

13. Upon information and belief, Debtor never paid the $12,638.47 Insurance Proceeds to Peacemaker Contractors, and he kept those funds for his own use.

14. Trustee has made demand on Debtor to return the $12,638.47 Insurance Proceeds.

### d. Claims Against the Bankruptcy Estate

15. The total of the filed claims against the Bankruptcy Estate is $396,753.94. $15,073.11 of these claims are filed as priority unsecured claims, and $220,847.20 of these claims are filed as non-priority, general unsecured claims. The deadline to file proofs of claim was February 14, 2022. [Doc. No. 47].

### The Proposed Settlement

16. Trustee and Debtor have reached an agreement related to the $12,638.47 Insurance Proceeds (the "**Settlement Agreement**"). The terms of the Settlement Agreement follow:[1]

---

[1] To avoid additional administrative expenses, Trustee has decided not to draft a separate settlement agreement. As a result, the express terms of the Settlement Agreement are included in this Settlement Motion.

3

a. Effective upon the Court entering an order approving this Settlement Agreement, Trustee shall setoff $12,638.47 from Debtor's Property Exemption in the amount of $21,500.00.

b. Within 5 business days of Trustee's closing a sale of the Property, Trustee shall pay Debtor $8,861.53 in full satisfaction of the Debtor's Property Exemption (the "**Property Exemption Payment**").

c. Effective upon Debtor's receipt of the $8,861.53 Property Exemption Payment, Debtor waives any and all remaining obligations, if any, that the Bankruptcy Estate may otherwise have to pay to Debtor from any proceeds of the Property on account of exemptions asserted by or on behalf of Debtor, if any, in the Property.

d. Trustee and Debtor agree that there are no other agreements, oral or written, between or among them relating to any matters covered by this Settlement Agreement and that this Settlement Agreement constitutes the entire agreement and understanding between Trustee and Debtor relating to the subject matter contained herein. Trustee and Debtor further agree that this Settlement Agreement may not be altered, amended, or modified in any respect or particular whatsoever, except by a writing duly executed by Trustee and Debtor and that any material amendment is subject to Bankruptcy Court approval.

e. The Bankruptcy Court shall retain exclusive jurisdiction over Trustee and Debtor for enforcement of this Settlement Agreement and any and all disputes, controversies, or claims regarding the interpretation, validity, construction or other issue relating to or concerning this Settlement Agreement. An action relating to, based upon, or arising from a breach of this Settlement Agreement shall be brought only in the Bankruptcy Court which shall retain exclusive jurisdiction over the subject matter and Trustee and Debtor for this purpose.

f. In the event that the Bankruptcy Court denies approval of this Settlement Agreement, then, and in that event, unless otherwise agreed by the Trustee and Debtor in writing, this Settlement Agreement shall terminate and be null and void and have no further force or effect, and Trustee and Debtor shall be restored to their respective factual and legal positions which existed immediately prior to entry into this Settlement Agreement.

g. Except as otherwise stated in this Settlement Agreement, Trustee and Debtor shall bear their own costs (including attorney's fees) incurred in connection with the negotiation, preparation, execution, and carrying out of this Settlement Agreement and any other agreements, instruments, or documents executed in accordance with the terms of this Settlement Agreement.

      h. This Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of Georgia, without regard to its conflict of law principles.

## Relief Requested

17. By this Settlement Motion, Trustee requests that the Bankruptcy Court approve the Settlement Agreement.

18. Trustee also requests authority to pay the $8,861.53 Property Exemption Payment to Debtor following the closing of a sale of the Property.

## Basis for Relief

19. Federal Rule of Bankruptcy Procedure 9019(a) provides that "[o]n motion by Trustee and after notice of a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The standard in this Circuit for determining whether to approve a compromise or settlement under Rule 9019(a) is in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990), in which the Eleventh Circuit stated:

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549. In making its evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underlying the compromised disputes. *In re Teltronics Servs., Inc.*, 762 F.2d 185, 189 (2d Cir. 1985). Rather, the court should consider the probable outcome, including its advantages and disadvantages, and make a pragmatic decision

based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal,* 284 F.2d 567, 571 (5th Cir. 1960).[2]

20.   The proposed settlement between Trustee and Debtor is the product of arms' length negotiations and reflects their analysis and consideration of the relevant legal, factual, and economic issues.

21.   The proposed settlement will let Trustee make a meaningful distribution to the holders of timely filed, non-priority, general unsecured claims in this Bankruptcy Case and avoid the costs and risks of litigating issues related to the $12,638.47 Insurance Proceeds and the Bankruptcy Estate's interest in the same.

22.   Under the standard set forth above and for the reasons detailed in this Settlement Motion, Trustee requests that the Bankruptcy Court approve the Settlement Agreement.

[INTENTIONALLY LEFT BLANK]

---

[2]   In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

WHEREFORE, Trustee respectfully requests that the Bankruptcy Court enter an Order (i) granting this Settlement Motion; (ii) authorizing Trustee to take actions reasonably necessary to effectuate the terms of the Settlement Agreement; and (iii) granting to the parties such other and further relief that the Court considers just and appropriate.

Respectfully submitted, this 25th day of May, 2023.

ROUNTREE LEITMAN KLEIN & GEER, LLC
*Attorneys for Trustee*

By:*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709
mbargar@rlkglaw.com

Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
404-410-1220

**Terms of Settlement Agreement Reviewed, Approved, and Agreed to by:**

BROOKHUIS LAW LLC
*Attorneys for Debtor*

By:  */s/ John Gerard Brookhuis*   *(with express permission by Michael J. Bargar)*
John Gerard Brookhuis
Georgia Bar No. 940484
1350 Scenic HWY, Suite 266
Snellville, GA 30078
P: (404) 558-3162
brookhuisbankruptcy@gmail.com

# CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing *Motion for Order Authorizing Settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Office of the United States Trustee
ustpregion21.at.ecf@usdoj.gov

John Gerard Brookhuis
brookhuisbankruptcy@gmail.com

This is to further certify that I have this day served the forgoing *Motion for Order Authorizing Settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure* by first class, United States mail, with postage prepaid fully thereon, to the following parties:

Larry Darnell Gore, Jr.
198 Melody Lane
Lawrenceville, GA 30043

This 25th day of May, 2023.

/s/ *Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709