IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| DORSEY LEON HAMMOND | ) | Case No. 22-54243-jwc |
| | ) | |
| Debtor. | ) | |
| | ) | |
| DLP LENDING FUND, LLC | ) | CONTESTED MATTER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GROUNDFLOOR HOLDINGS GA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF COMPROMISE AND SETTLEMENT AND NOTICE OF HEARING

TO:     The Debtor, the United States Trustee, all creditors and parties in interest in the above-styled Chapter 11 Case:

**PLEASE TAKE NOTICE** that DLP Lending Fund, LLC and Groundfloor Holdings, GA, LLC (collectively, the "Parties"), have filed with this Court their "Joint Expedited Motion to Approve Compromise Agreement", pursuant to Federal Rule of Bankruptcy Procedure 7041, wherein they ask the Court to approve the Settlement Agreement reached between the Parties, including, *inter alia*, granting an Order disbursing the proceeds from the sale of that certain property located at 2251 Verna Drive, Decatur, Georgia 30034 ("Verna Property"). Plaintiff respectfully asks this Court to approve the Settlement Agreement pursuant to Bankruptcy Rule 9019.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion in Courtroom 1203, United States Courthouse, 75 Ted Turner Drive, Atlanta, Georgia 30303 on **March 30, 2023 at 11:00 a.m.** via Zoom, toll free number 833-568-8864, meeting ID 160 459 5648. *Given the current public health crisis, hearings may be telephonic only. Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB Website (http://www.ganb.uscourts.gov/) prior to the hearing for instructions on whether to appear in person or by phone.*

Pursuant to Federal Rule of Bankruptcy Procedure 2002(2) and (3), the parties in interest in this Bankruptcy Case are entitled to notice of the Motion and the relief sought therein. Your

rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views, then you and/or your attorney must file a written response stating your objection to the relief sought in the Motion with the Clerk at the address stated below, and attach a certificate stating when, how and on whom (including addresses) you served the response.  **You must file any response or objection to the Motion on or before March 28, 2023.**  The address of the Clerk's Office is: Clerk, U. S. Bankruptcy Court, 75 Spring Street, 13th Floor, Atlanta, Georgia 30303.  You must also mail a copy of your response to the undersigned at the address stated below. If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion, and may enter a final order granting the relief sought in the Motion, with or without hearing.

This 3rd day of March, 2023.

ROGERS LAW OFFICES
*/s/ Beth E. Rogers*
Beth E. Rogers, Georgia Bar No. 612092
James F. F. Carroll, Georgia Bar No. 940350
9040 Roswell Road, Suite 205
Atlanta, GA 30350
770.685.6320; 678.990.9959 (fax)
brogers@berlawoffice.com
*Attorneys for Plaintiff*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| DORSEY LEON HAMMOND | ) | Case No. 22-54243-jwc |
| | ) | |
| Debtor. | ) | |
| | ) | |
| DLP LENDING FUND, LLC | ) | CONTESTED MATTER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GROUNDFLOOR HOLDINGS GA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT EXPEDITED MOTION TO APPROVE COMPROMISE AGREEMENT**

COMES NOW DLP Lending Fund, LLC ("DLP") and Groundfloor GA Holdings, LLC ("Groundfloor") (collectively, the "Parties") and hereby file this Joint Expedited Motion to Approve Compromise Agreement (the "Motion"). In support of the Motion, the Parties respectfully show the Court as follows:

**JURISDICTION AND BACKGROUND FACTS**

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. The subject matter of this Motion constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (I), (J) & (O). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief requested herein is 11 U.S.C. § 105 and Rule 9019 of the Federal Rules of Bankruptcy Procedure.

2. The Debtor Dorsey Leon Hammond ("Debtor") filed a Petition under Chapter 11 of the

Bankruptcy Code on June 3, 2022.

3.  On December 5, 2019, the Superior Court of DeKalb County entered a Default Judgment in in that certain case styled as <u>DLP Lending Fund, LLC v. Flourish Home Investors, LLC, et al.</u> Superior Court of DeKalb County, Case No. 19V9667 ("State Court Case") against, *inter alia*, the Debtor in the principal amount of $1,530,000.00, interest through November 20, 2019 of $112,269.86, fees and court costs of $7,093.37 and attorney fees of $164,251.98 ("DLP Default Judgment").

4.  A Writ of Fieri Facias for the DLP Default Judgment was recorded on December 16, 2019 at Lien Book 2245, Page 523, DeKalb County records ("DLP Default Fi Fa").

5.  On January 9, 2020, the Debtor and Hariette  Hammond ("H. Hammond") recorded a Limited Warranty Deed transferring that certain property located at 2251 Verna Drive, Decatur, Georgia 30034 ("Verna Property") to Dorsey Leon Hammond and Hariette Johnson Hammond Irrevocable Living Trust of 2019 ("Hammond Trust") recorded at Deed Book 28041, Page 579, DeKalb County records ("Verna Warranty Deed").

6.  On February 28, 2020, the Superior Court of Fulton County entered an Amended Order and Final Default Judgment *nunc pro tunc* to January 29, 2020 in the case styled <u>Groundfloor Holdings GA, LLC v. Dorsey Hammond et al.</u>, Superior Court of Fulton County, Case No. 2019CV323363, in favor of Groundfloor and against Debtor in the principal amount of $7,945,489.35, attorneys' fees and costsof $138,252.67, and post judgment interest at the rate provided by law ("Groundfloor Judgment").

7.  On April 28, 2020, Groundfloor recorded a Writ of Fieri Facias against, *inter alia*, the Debtor in the DeKalb County records, Lien Book 2306, Page 382 ("Groundfloor Fi Fa"), for the Groundfloor Judgment.

8. On February 21, 2020, DLP filed a Complaint to reverse the transfer of the Verna Property in that certain case styled as <u>DLP Lending Fund, LLC v. Dorsey Hammond, Hariette Hammond et al.</u>, Superior Court of DeKalb County, Case No. 20CV2563 ("UFTA Lawsuit").

9. On October 23, 2020, the Court in the UFTA Lawsuit entered an Order reversing the Verna Warranty Deed.

10. On February 1, 2021, the Court in the UFTA Lawsuit entered a Judgment in favor of DLP and against the Debtor and H. Hammond, jointly and severally, in the amount of $153,000.00 in punitive damages, plus $3,890.00 in attorney fees ("UFTA Judgment").

11. On March 19, 2021, a Fi FA was recorded for the UFTA Judgment at Lien Book 2388, Page 283 ("UFTA Fi FA").

12. On September 14, 2022, the Court in this bankruptcy case entered an Order approving the sale of the Verna Property for $250,000.00 ("Sale Proceeds"), which is currently held in the trust account of Debtor's counsel.

13. Groundfloor and DLP attended a mediation with the assistance of Judge Sacca on November 29, 2022 and at the mediation reached the resolution presently submitted for Court approval.

14. DLP and Groundfloor have agreed to settle their respective claims and obligations relating to the Sale Proceeds on the terms and conditions set forth in a written Settlement Agreement (the "Settlement Agreement"), subject to the Court's approval.

15. DLP and Groundfloor believe that the compromise and settlement provided for in the Settlement Agreement is in the best interests of Debtor's estate for the following reasons:

**ARGUMENT**

DLP and Groundfloor have evaluated the strengths and weaknesses of their respective claims, and defenses to one another's claims, based on the particular facts at hand, along with practical considerations such as the extent of assets and income.  Based on their evaluation of those facts, claims, defenses, and circumstances, DLP and Groundfloor seek to settle the disputes and claims at issue regarding the Sale Proceeds in order to avoid the expenses and uncertainty of outcomes associated with litigating such claims and collecting on awards.

## I.       Settlement terms.

The key terms of the proposed settlement agreement include that (1) DLP shall receive $150,000.00 of the Sale Proceeds and Groundfloor shall receive $100,000.00 of the Sale Proceeds and (2) DLP and Groundfloor shall each recognize the validity of the Groundfloor Fi Fa, DLP Default Fi Fa and UFTA Fi Fa. A copy of the Settlement Agreement is attached hereto as **Exhibit A**.  To the extent that the foregoing summary of terms of the settlement conflicts with, or omits, any provision of the Settlement Agreement, the express and complete terms of the Settlement Agreement shall govern the rights and obligations of the parties to the Settlement Agreement.

DLP and Groundfloor submit that the foregoing settlement terms are an appropriate resolution of disputed claims for the following reasons.

## II.      Analysis of request for approval of compromise agreement.

### A.  Legal standard for evaluating approval of compromise agreement.

Federal Rule of Bankruptcy Procedure 9019 provides that the Court may approve a compromise and settlement after notice and hearing.  The approval or rejection of a compromise and settlement is left to the sound discretion of the Bankruptcy Court and is governed by the particular circumstances of each case. *In re Tidewater Group, Inc.*, 13 B.R. 764, 765 (Bankr. N.D. Ga. 1981).  In exercising its discretion, a Bankruptcy Court should give due regard to what is

equitable under particular circumstances and under applicable law.  Furthermore, in evaluating any settlement, the court must consider that the "law favors compromise." *Port O'Call Investment Co. v. Blair (In re Blair)*, 538 F. 2d. 849, 851 (9th Cir. 1976).

Courts have relied on a number of factors in determining whether to approve a compromise and settlement under Federal Rule of Bankruptcy Procedure 9019.  These factors include the following: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interests of the creditors and the proper deference to their reasonable views. *In re Justice Oaks, II, Ltd.*, 898 F.2d. 1544 (11th Cir. 1990).  Those four factors are sometimes referred to as the "Justice Oaks factors."

The Court should not rubber stamp a party's proposal. "However, the court should not conduct a 'mini-trial' on the merits of the underlying litigation either.*" In re Greenberg*, No. 01-42188, 2005 WL 6746610, at *3 (Bankr. S.D. Ga. Apr. 5, 2005) (citing *In re Mattive,* No. 93–41908, 1995 WL 17005058, at *2 (Bankr.S.D. Ga. April 26, 1995) (*citing Nellis v. Shugrue,* 165 B.R. 115, 122 (S.D.N.Y. 1994)). Rather, when considering the *Justice Oaks* factors, a court inquires into whether the proposed settlement "falls below the lowest point of the range of reasonableness." *In re Greenberg*, No. 01-42188, 2005 WL 6746610, at *3 (Bankr. S.D. Ga. Apr. 5, 2005) (quoting *Cames v. Joiner* (*In re Joiner* ), 319 B.R. 903, 907 (Bankr. M.D.Ga. 2004) (Walker, J.) (*citing In re Drexel Burnham Lambert Group, Inc.,* 138 B.R. 723, 758 (Bankr. S.D.N.Y. 1992)).

The foregoing factors favor approval of the proposed settlement in this instance for the following reasons.

**B.  Analysis of factors bearing on request for approval of settlement.**

The proposed compromise and settlement should be approved under the above-stated standards, for the following reasons:

***The probability of success in the litigation:***  DLP and Groundfloor each contend that they would prevail in an Adversary Proceeding regarding who would be entitled to the Sale Proceeds. Because the legal caselaw regarding the validity of the DLP Default Fi Fa is uncertain and goes back to the 19th century in same cases, the probability of success in litigation for DLP or Groundfloor is uncertain.  Thus, this factor favors approval of the settlement.

***The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it:***  The litigation regarding the Sale Proceeds would be research intensive, as noted above, as the caselaw regarding the disputed DLP Default Fi Fa is limited and in many cases dates back to the 19th century.  This factor favors approval of the settlement, as the substantial costs of ongoing litigation diminish the assets available for resolution of claims and delay the ultimate resolution of those claims, whereas under the Settlement Agreement all claims are resolved.

***The paramount interest of the creditors and a proper deference to their reasonable views***: The settlement submitted for Court approval in the matter at hand resolves any dispute between DLP and Groundfloor as to the Sale Proceeds. Accordingly, when all of the circumstances regarding the proposed resolution of claims are considered, this factor strongly favors approval of the settlement.

***The difficulties, if any, to be encountered in the matter of collection***:  Debtor has few assets, as shown in his Schedules, and claims exemptions in the minimal assets that he does own. Accordingly, this is a situation in which there may be difficulties encountered in collecting on a claim other than the Sale Proceeds.  As a result, this factor also weighs in favor of approving of

the proposed settlement.

## CONCLUSION

The settlement before the Court saves the parties from substantial uncertainty of litigated outcomes, and attendant attorney's fees and related delays.  The settlement also saves the Court substantial time in hearing and issuing opinions on legal and factual matters in dispute.  For those reasons, DLP and Groundfloor submit that the settlement is in the best interests of Debtor and creditors, and request that the Court approve the Settlement Agreement.

**WHEREFORE**, DLP and Groundfloor request that the Court set a hearing on the Motion on an expedited basis, enter an Order granting the Motion, approving the compromise reflected therein, authorizing DLP and Groundfloor to perform the terms of the Settlement Agreement and requiring the Debtor's counsel to disburse the Sale Proceeds as directed, and providing such further relief as the Court deems proper.

This 3rd day of March, 2023.

**PREPARED AND CONSENTED TO BY:**

/s/Beth E. Rogers_____
Beth E. Rogers, Georgia Bar 612092
James F. F. Carroll, Georgia Bar 940350
9040 Roswell Rd, Suite 205
Atlanta, GA 30350
770-685-6320
Fax: 678-990-9959
Attorneys for DLP

Consented to by:

/s/Vincent R. Russo
Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Robbins Alloy Belinfante Littlefield LLC

500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile: (404) 856-3255
*Attorneys for* Groundfloor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| DORSEY LEON HAMMOND | ) | Case No. 22-54243-jwc |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| DLP LENDING FUND, LLC | ) | CONTESTED MATTER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GROUNDFLOOR HOLDINGS GA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have served the foregoing Joint Expedited Motion to Approve Compromise Agreement and Notice of Hearing via U.S. Mail addressed as follows and with sufficient first-class postage attached thereto, or via the Court's ECF system, on the following recipients:

See Mailing Matrix, attached hereto as **Exhibit B**.

Harriette Hammond
2251 Verna Drive
Decatur, Georgia 30034

This 3rd day of March, 2023.

/s/James F. F. Carroll
James F. F. Carroll, Ga Bar 940350

Exhibit A

## <u>RELEASE AND SETTLEMENT AGREEMENT</u>

  This Release and Settlement Agreement (the "Agreement") is entered into this ___ day of February, 2023, by and between DLP Lending Fund, LLC ("DLP" or "Plaintiff") and Groundfloor Holdings GA, LLC ("Groundfloor"), (together, Groundfloor and DLP are referred to as the "Parties").

  **WHEREAS**, on June 13, 2019, Flourish Home Investors, LLC ("Flourish") executed ten Notes to DLP of $153,000.00 each, one for each of the Properties ("Notes"), and ten mortgages, ("Mortgages") purporting to grant DLP a security interest in each of the properties located at 4369, 4371, 4373, 4375, 4377, 4381, 4382, 4383, 4384 and 4385 E. Barcelona Way, Augusta, Richmond County, Georgia 30501 (collectively, the "Properties");

  **WHEREAS**, on June 13, 2019, Dorsey Hammond ("D. Hammond") executed ten Guaranties to DLP ("Guaranties"), guaranteeing all indebtedness owed on the Notes to DLP (collectively, the Notes, Guaranties, Mortgages and any related loan documents are referred to herein as the "Loan Documents");

  **WHEREAS**, DLP wired $1,521,975.10 (the "Wired Funds") to the closing attorney, Sanjay Patel's escrow account to finance Flourish's purchase of the Properties;

  **WHEREAS**, Flourish only received title to, and recorded mortgages for DLP for, the properties located at 4369, 4371, 4373, 4375, 4377 E. Barcelona Way, Augusta, Richmond County, Georgia 30501 (the "Transferred Properties");

  **WHEREAS**, DLP filed suit against, *inter alia*, Flourish and D. Hammond  on September 18, 2019 in that certain case styled as <u>DLP Lending Fund, LLC v. Flourish Home Investors, LLC, et al.</u> Superior Court of DeKalb County, Case No. 19V9667 ("State Court Case") seeking, *inter alia*, to recover a Judgment against Flourish and D. Hammond equal to the amount of the Wired Funds, plus interest, punitive damages and attorneys' fees (the "Indebtedness");

  **WHEREAS**, on December 5, 2019, the Court entered a Default Judgment in the State Court Case against Flourish and D. Hammond in the principal amount of $1,530,000.00, interest through November 20, 2019 of $112,269.86, fees and court costs of $7,093.37 and attorney fees of $164,251.98 ("DLP/Flourish-Hammond Default Judgment");

  **WHEREAS**, a Writ of Fieri Facias for the State Court Judgment was recorded on December 16, 2019 at Lien Book 2245, Page 523, DeKalb County records ("DLP/Flourish-Hammond Default Fi Fa");

  **WHEREAS**, on January 9, 2020, D. Hammond and Hariette  Hammond ("H. Hammond") recorded a Limited Warranty Deed transferring that certain property located at 2251 Verna Drive, Decatur, Georgia 30034 ("Verna Property") to Dorsey Leon Hammond and Hariette Johnson Hammond Irrevocable Living Trust of 2019 ("Hammond Trust") for no consideration, recorded at Deed Book 28041, Page 579, DeKalb County records ("Verna Warranty Deed");

1

**WHEREAS**, on April 28, 2020, Groundfloor recorded a Writ of Fieri Facias against, *inter alia*, Dorsey Hammond and Flourish in the DeKalb County records, Lien Book 2306, Page 382 ("Groundfloor Fi Fa"), for a Judgment in that certain case styled as <u>Groundfloor Holdings GA, LLC v. Dorsey Hammond et al.</u>, Superior Court of Fulton County, Case No. 2019CV323363 ("Groundfloor Judgment");

**WHEREAS**, on February 21, 2020, DLP filed a Complaint to reverse the transfer of the Verna Property in that certain case styled as <u>DLP Lending Fund, LLC v. Dorsey Hammond, Hariette Hammond et al.</u>, Superior Court of DeKalb County, Case No. 20CV2563 ("UFTA Lawsuit");

**WHEREAS**, on October 23, 2020, the Court in the UFTA Lawsuit entered an Order reversing the Verna Warranty Deed;

**WHEREAS**, on February 1, 2021, the Court in the UFTA Lawsuit entered a Judgment in favor of DLP and against D. Hammond and H. Hammond, jointly and severally, in the amount of $153,000.00 in punitive damages, plus $3,890.00 in attorney fees ("UFTA Judgment")(collectively, the UFTA Judgment and the DLP/Flourish-Hammond Default Judgment are referred to herein as the "DLP Judgments");

**WHEREAS**, on March 19, 2021, a Fi FA was recorded for the UFTA Judgment at Lien Book 2388, Page 283 ("UFTA Fi FA")(Collectively the DLP/Flourish-Hammond Fi FA and UFTA Fi FA are referred to herein as the "DLP Fi Fas");

**WHEREAS**, on June 3, 2022, D. Hammond filed a Chapter 11 bankruptcy case styled as <u>In re Dorsey Hammond</u>, United States Bankruptcy Court, Northern District of Georgia, Case No. 22-54243 ("Hammond Bankruptcy");

**WHEREAS**, on September 14, 2022, the Court in the Hammond Bankruptcy entered an Order approving the sale of the Verna Property for $250,000.00 ("Sale Proceeds"), which is currently held in the trust account of D. Hammond's counsel;

WHEREAS, as set forth below, and subject to Bankruptcy Court approval, the Parties intend to compromise and settle all disputed claims between them related to the Sale Proceeds, Judgments, Fi Fa and UFTA Fi Fa, in accordance with and subject to the terms and conditions as set forth herein; and

NOW, THEREFORE, for and in consideration of the promises, obligations and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.    **TERMS**.

1.1    The foregoing recital of facts is made and shall be a part of this Agreement to the same extent as if fully set forth herein.

2

1.2    Upon execution of this Agreement by the Parties, the Parties will promptly file a Joint Motion to Approve Compromise and Settlement (the "Settlement Motion") in the Hammond Bankruptcy.  The Settlement Motion shall be in substantially the same form as **Exhibit "A,"** which is attached hereto.  The Settlement Motion shall seek (a) approval of this Agreement; and (b) entry of a Consent Order in the Hammond Bankruptcy Case, providing that DLP shall receive $150,000.00 from the Sale Proceeds and Groundfloor shall receive $100,000.00 from the Sale Proceeds, (the "Consent Order"), attached as **Exhibit B**, which is attached hereto.  This Agreement is contingent upon the Bankruptcy Court's approval and entry of the Consent Order.   If the Bankruptcy Court does not enter the Consent Order, this Agreement is null and void and has no evidentiary or other legal effect.

(a) Upon entry of the Consent Order, D. Hammond's counsel shall immediately disburse $150,000.00 of the Sales Proceeds to DLP pursuant to the below wiring instructions. TIME IS OF THE ESSENCE.

Cadence Bank
P.O. Box 4748
4219 Forsyth Road
Macon, GA 31208
ABA/Routing # 061104123
BER LAW P.C. IOLTA Account:  1000189744

(b) Upon entry of the Consent Order, D. Hammond's counsel shall immediately disburse $100,000.00 of the Sales Proceeds to Groundfloor pursuant to the below wiring instructions. TIME IS OF THE ESSENCE.

Ameris Bank
3490 Piedmont Road
Atlanta, GA 30305
ABA/Routing # 061201754
Account Name: Robbins Ross Alloy BL LLC /IOLTA
Account # 0310005173

(c) Upon the complete disbursement of the Sales Proceeds, Groundfloor consents and agrees that the DLP Judgments and DLP Fi Fas are valid liens as to D. Hammond, and that the DLP Fi Fas attach to any real property and may be attached to any personal property that D. Hammond may hold within any county where the DLP Fi Fas are recorded and waives any dispute as to the validity of same. DLP consents and agrees that the Groundfloor Judgment and Groundfloor Fi Fa is a valid lien as to D. Hammond and that the Groundfloor Fi Fa attaches to any real property and may be attached to any personal property that D. Hammond may hold within any county where the Groundfloor Fi Fa is recorded and waives any dispute as to the validity of same.

(d) Within three (3) days of the entry of the Consent Order, Hammond shall dismiss the Hammond Bankruptcy with prejudice for a period of at least 180 days.

3

2.     **RELEASES; LIMITATIONS THERETO**

2.1    Groundfloor hereby RELEASE, ACQUIT, and FOREVER DISCHARGE DLP and its predecessors, successors, assigns, officers, managers, directors, shareholders, partners, employees, agents, attorneys, legal representatives, representatives, parent corporations, subsidiaries, and affiliates (collectively, the "Affiliates"), jointly and severally, from any and all claims, counterclaims, defenses, demands, damages, debts, agreements, covenants, suits, contracts, obligations, liabilities, accounts, offsets, rights, actions and causes of action of any nature whatsoever, including, without limitation, all claims, demands and causes of action for contribution and indemnity, whether arising at law or in equity (including, without limitation, claims of fraud, breach of contract, tort, duress, mistake, tortious interference, usury, or control), whether presently possessed or possessed in the future, whether known or unknown, whether liability be direct or indirect, liquidated or unliquidated, whether presently accrued or to accrue hereafter, whether absolute or contingent, foreseen or unforeseen, and whether or not heretofore asserted, for or because of or as a result of any act, omission, communication, transaction, occurrence, representation, promise, damage, breach of contract, fraud, violation of any statute or law, commission of any tort, or any other matter whatsoever or thing done, omitted or suffered to be done by the DLP or any of its respective Affiliates relating to the Sale Proceeds, DLP Judgments and DLP Fi Fas, which has occurred in whole or in part, or was initiated at any time from the beginning of time up to and immediately preceding the moment of the last Parties' execution of this Agreement.  Groundfloor further covenants not to sue DLP and the Affiliates for any matters released by it in this Agreement. Notwithstanding the foregoing, nothing in this Agreement is intended to or shall release any claims Groundfloor has or may have against D. Hammond, H. Hammond, or Dexter Hull ("Hull") whatsoever.

2.2    DLP hereby RELEASES, ACQUITS, and FOREVER DISCHARGES Groundfloor and its predecessors, successors, assigns, officers, managers, directors, shareholders, partners, employees, agents, attorneys, legal representatives, representatives, parent corporations, subsidiaries, and affiliates (collectively, the "Groundfloor Affiliates"), jointly and severally, from any and all claims, counterclaims, defenses, demands, damages, debts, agreements, covenants, suits, contracts, obligations, liabilities, accounts, offsets, rights, actions and causes of action of any nature whatsoever, including, without limitation, all claims, demands and causes of action for contribution and indemnity, whether arising at law or in equity (including, without limitation, claims of fraud, breach of contract, tort, duress, mistake, tortious interference, usury, or control), whether presently possessed or possessed in the future, whether known or unknown, whether liability be direct or indirect, liquidated or unliquidated, whether presently accrued or to accrue hereafter, whether absolute or contingent, foreseen or unforeseen, and whether or not heretofore asserted, for or because of or as a result of any act, omission, communication, transaction, occurrence, representation, promise, damage, breach of contract, fraud, violation of any statute or law, commission of any tort, or any other matter whatsoever or thing done, omitted or suffered to be done by Groundfloor or any of its respective Groundfloor Affiliates relating to the Sale Proceeds, Groundfloor Judgment and Groundfloor Fi Fa, which has occurred in whole or in part, or was initiated at any time from the beginning of time up to and immediately preceding the

4

moment of the last Parties' execution of this Agreement. DLP further covenants not to sue Groundfloor and the Groundfloor Affiliates for any matters released by them in this Agreement. Notwithstanding the foregoing, nothing in this Agreement is intended to or shall release any claims DLP has or may have against D. Hammond, H. Hammond, or Hull whatsoever.

3.      **OTHER AGREEMENTS, ACKNOWLEDGMENTS, REPRESENTATIONS AND WARRANTIES**. The Parties acknowledge, represent, warrant, affirm and confirm the following:

a.  The Parties have read this Agreement, understand the effect and scope of this Agreement and have had the assistance of separate legal counsel of their choice in carefully reviewing, discussing and considering all terms of this Agreement or have elected to enter into this Agreement without consulting legal counsel.

b.  The Parties' execution and delivery of this Agreement is not based upon reliance upon any representation, understanding or agreement not expressly set forth herein. No party has made any representations to any other party (or such party's agent) not expressly set forth herein.

c.  The Parties execute and deliver this Agreement as a free and voluntary act, without any duress, coercion or undue influence exerted by or on behalf of any other party.

d.  The Parties have full and complete authorization and power to execute this Agreement in the capacity herein stated. This Agreement is a valid, binding and enforceable obligation and does not violate any law, rule or regulation, or any contract or agreement to which it is a party.

e.  The Parties have not conveyed, transferred, assigned, pledged or otherwise encumbered any claim or causes of action covered by the releases set forth in Section 2 of this Agreement.

f.  The Parties represent that this Agreement is not being made or entered into with the actual intent to hinder, delay, or defraud any entity or person.

4.      **SEPARABILITY.** If any term, provision, covenant or condition of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remainder of the provisions shall remain, in full force and effect and shall in no way be affected, impaired or invalidated. This Agreement is, and shall be deemed to be, the product of joint drafting by the parties hereto and shall not be construed against any of them as the drafter hereof.

5.      **APPLICABLE LAW.** This Agreement is entered into, under and shall be governed by and construed in accordance with the internal laws of the State of Georgia without regard to such jurisdiction's principles of conflicts of law. The Parties agree that all claims,

disputes, and other matters arising out of or relating to this Agreement, or the breach thereof, will be decided by proceedings instituted and litigated in the Superior or State Court of Fulton County, Georgia or the Bankruptcy Court for the Northern District of Georgia and Debtor consent to the jurisdiction and venue of said courts.

6.    **COUNTERPARTS.**    This Agreement may be executed in multiple identical counterparts, each of which when duly executed shall be deemed an original, and all of which taken together will constitute one and the same written agreement, which will be binding and effective as to all parties.  This Agreement will not be binding on or constitute evidence of a contract between the parties hereto until such time as a counterpart has been executed by such party and a copy thereof is delivered to each other party to this Agreement.  The signatures to this Agreement may be evidenced by a facsimile or computer-scanned (PDF) copy reflecting the Party's signature hereto, and any such copy shall have the same effect as an original.  The Parties mutually agree to accept the other Party's facsimile or computer-scanned signature of this Agreement, and to be bound by its own facsimile or computer-scanned signature of this Agreement.

7.    **TIME IS OF THE ESSENCE.**  Time shall be of the essence with respect to each and every of the various undertakings and obligations of the Parties as set forth in the Agreement.

8.    **SUCCESSORS AND ASSIGNS.**    All rights and obligations of the Parties hereunder shall inure to the benefit of, and bind, the Parties' successors, assigns, heirs, administrators, executors and legal representatives and estate .

9.    **COOPERATION.**  Prior to and at all times following the date of this Agreement, the Parties agree to execute and deliver, or to cause to be executed and delivered, such documents and to do, or cause to be done, such other acts and things as might reasonably be requested by any of the Parties to assure that the benefits of this Agreement are realized by the Parties.

10.    **ATTORNEYS' FEES.**  In the event that any party breaches this Agreement and the enforcement of this Agreement or recovery of damages for breach hereof is obtained by law or legal proceedings through an attorney at law, all costs of collection or enforcement, including reasonable attorneys' fees in the amount of 15% of outstanding principal and interest, shall be paid by the breaching party to the non-breaching party.

11.    **NO THIRD PARTY BENEFICIARIES.**  Nothing in this Agreement, expressed or implied, is intended to confer upon any party other than the parties hereto any rights, remedies, obligations or liabilities under or by reason of this Agreement or the Settlement effectuated hereby.

12.    **CONSTRUCTION OF AGREEMENT.**  Each party acknowledges that it has had the opportunity to negotiate modifications to the language of this Agreement.  Accordingly, each party agrees that in any dispute regarding the interpretation or construction of this Agreement, no presumption will operate in favor of or against any party hereto by virtue of its role in drafting or not drafting the terms and conditions set forth herein.

(a)      This Agreement shall be binding upon each of the Parties hereto, and upon their respective heirs, successors, and assigns, and shall inure to the benefit of each of the Parties hereto, and their respective heirs, successors, and assigns.

(b)      This Agreement is entered into in the State of Georgia, and the interpretation, construction, and enforcement of the terms of this Agreement shall be governed by the laws of Georgia or Federal Bankruptcy law.

(c)      Each person executing this Agreement on behalf of a corporation warrants and represents that he or she has been fully authorized to execute this Agreement on behalf of such corporation and that such corporation is bound by the signature of such representative.

(d)      The Bankruptcy Court for the Northern District of Georgia shall retain jurisdiction over the enforcement of this Agreement.

13.    **ENTIRE UNDERSTANDING.**    This Agreement contains the entire understanding of the parties hereto with respect to its terms. This Agreement and all documents, instruments, and agreements executed in connection herewith incorporate all of the discussions and negotiations between the Parties, either expressed or implied, concerning the matters included herein and in such other documents, instruments and agreements, any statute, custom, or usage to the contrary notwithstanding. No such discussions or negotiations shall limit modify, or otherwise affect the provisions hereof. The Parties hereby acknowledge that there have been no representations, warranties, covenants or understandings other than those expressly set forth herein. No change, modification or waiver of any of the provisions of this Agreement will be binding unless signed by the party against whom the same is sought to be enforced. None of the terms or provisions of this Agreement, may be changed, waived, modified, discharged, or terminated except by an instrument in writing executed by the party against whom or which enforcement of the change, waiver, modification, discharge or termination is asserted. None of the terms or provisions of this Agreement shall be deemed to have been abrogated or waived by reason of any failure or failures to enforce the same.

*[SIGNATURES ON FOLLOWING PAGE]*

Executed as of the day and year first above written.


**DLP Lending Fund, LLC**

By: _Nicholas Lanni_____
Its: Senior Director, Credit, Risk and Investments


**Groundfloor Holdings GA, LLC**

By: Nick Bhargava (Feb 27, 2023 17:50 EST)_____
Its:   Co-Founder_____

Exhibit B

```
Label Matrix for local noticing          1st-franklin                        1st-frnkln
113E-4                                    402 E Church Street, Suite 109      402 E Church Street, Suite 109
Case 22-40790-pwb                         Cartersville, GA 30121-3304         Cartersville, GA 30121-3304
Northern District of Georgia
Rome
Fri Mar  3 16:22:32 EST 2023

Patti H. Bass                             Matthew Thomas Berry               Collins Asset Group, LLC
Bass & Associates, PC                     Matthew T. Berry & Associates      Bass & Associates, P.C.
Suite 200                                 Suite 600                          3936 E. Ft. Lowell Rd, Suite #200
3936 E. Ft. Lowell Road                   2751 Buford Highway, NE            Tucson, AZ 85712-1083
Tucson, AZ 85712-1083                     Atlanta, GA 30324-5457

Convergent Outsourcing, Inc.              Credit Management LP               EMERGENCY COVERAGE CORPORATION
Attn: Bankruptcy                          6080 Tennyson Parkway              PO BOX 1123
800 SW 39th St, Ste 100                   Suite 100                          MINNEAPOLIS, MN 55440-1123
Renton, WA 98057-4927                     Plano, TX 75024-6002

EMERGENCY COVERAGE CORPORATION            First Investors Financial Services First Investors Servicing Corporation
c/o Wakefield & Associates, LLC           380 Interstate North Parkway       3065 Akers Mill Rd Suite 700
PO Box 51272                              3rd Floor                          Atlanta, Georgia 30339-3124
Knoxville, TN 37950-1272                  Atlanta, GA 30339-2222

(p)GEORGIA DEPARTMENT OF REVENUE          Internal Revenue Service          Joshua Rezutko
COMPLIANCE DIVISION                       401 W. Peachtree St NW            1992 Twin Mountain Lake Circle
ARCS BANKRUPTCY                           Stop 334-D                        Talking Rock, GA 30175-3946
1800 CENTURY BLVD NE SUITE 9100           Atlanta, GA 30308-3539
ATLANTA GA 30345-3202

Brandi L. Kirkland                        Lendmark Financial Service        (p)LENDMARK FINANCIAL SERVICES
K. Edward Safir, Chapter 13 Trustee       1735 North Brown Road             2118 USHER ST
285 Peachtree Center Ave., Ste. 1600      Suite 300                         COVINGTON GA 30014-2434
Atlanta, GA 30303-1229                    Lawenceville, GA 30043-8228

Lendmark Financial Services, LLC          Mariner Finance                   Money Tree
9040 Roswell Rd Suite 205                 Attn: Bankruptcy                  1494 Rosedale St.
Atlanta, GA 30350-1892                    8211 Town Center Drive            Toccoa, GA 30577-2886
                                          Nottingham, MD 21236-5904

National Credit Adjusters, LLC            National Credit Adjusters, LLC   Northgalns
327 West 4th Avenue                       Attn: Bankruptcy Department      256 Industrial Blvd
PO Box 3023                               P.O. Box 3023                    Ellijay GA 30540-3712
Hutchinson, KS 67504-3023                 Hutchinson, KS 67504-3023

Carrie L Oxendine                         Keesha Carleen Rezutko           Beth E. Rogers
Matthew T. Berry & Associates             2231 Highway 411                 Ber Law, P.C.
Suite 600                                 Lot 5                            9040 Roswell Road
2751 Buford Highway NE                    Fairmont, GA 30139               Suite 205
Atlanta, GA 30324-5457                                                     Atlanta, GA 30350-1853

K. Edward Safir                           Security Finance                 Susan H. Senay
Standing Chapter 13 Trustee               Attn: Bankruptcy                 Matthew T. Berry & Associates
Suite 1600                                PO Box 1893                      Suite 600
285 Peachtree Center Ave. NE              Spartanburg, SC 29304-1893       2751 Buford Highway NE
Atlanta, GA 30303-1259                                                     Atlanta, GA 30324-5457
```

```
Seventh Ave                          Seventh Ave/Swiss Colony Inc         Seventh Avenue
Attn: Bankruptcy                     Attn: Bankruptcy                     c/o Creditors Bankruptcy Service
1112 7th Avenue                      1112 7th Ave                         P.O. Box 800849
Monroe, WI 53566-1364                Monroe, WI 53566-1364                Dallas, TX 75380-0849


(p)SUNSET MANAGEMENT CO LLC          The Swiss Colony                     Total Visa/tbom/vt
ATTN KRISTIN WILSON                  c/o Creditors Bankruptcy Service     Po Box 85710
510 MOUNTIAN VIEW DR                 P.O. Box 800849                      Sioux Falls, SD 57118-5710
SUITE 500                            Dallas, TX 75380-0849
SENECA SC 29672-2145


United States Attorney               (p)WAKEFIELD & ASSOCIATES            World Finance
Northern District of Georgia         PO BOX 51272                         Po Box 6429
75 Ted Turner Drive SW, Suite 600    KNOXVILLE TN 37950-1272              Greenville, SC 29606-6429
Atlanta GA 30303-3309


World Finance
c/o World Acceptance Corp.
Attn: Bankruptcy Processing Center
PO Box 6429
Greenville, SC 29606-6429
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Georgia Department of Revenue        Lendmark Financial Services LLC      Sunset Finance
Bankruptcy Unit                      2118 Usher St.                       Attn: Bankruptcy
1800 Century Blvd, NE, Ste 9100      Covington, GA 30014                  902 By Pass 123, Ste A
Atlanta, GA 30345                                                         Seneca, SC 29678


(d)Sunset Finance CO LLC             (d)Sunsetfina                        Wakefield & Associates
510 Mountain View Dr                 510 Mountain View Dr                 Attn: Bankruptcy
Suite 500                            Seneca, SC 29672                     7005 Middlebrook Pike
Seneca, SC 29672                                                          Knoxville, TN 37909
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Lendmark Financial Service        End of Label Matrix
1735 North Brown Road                Mailable recipients    39
Suite 300                            Bypassed recipients     1
Lawenceville, GA 30043-8228          Total                  40
```