IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| DORSEY LEON HAMMOND | ) | Case No. 22-54243-jwc |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| DLP LENDING FUND, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding No. |
| | ) | |
| v. | ) | |
| | ) | |
| DORSEY LEON HAMMOND | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMPLAINT TO DETERMINE WHETHER DEBTOR IS ENTITLED TO A DISCHARGE
AND DISCHARGEABILITY OF DEBTS

COMES NOW DLP Lending Fund, LLC ("DLP" or "Plaintiff") and for its Complaint to Determine Whether Debtor is Entitled to a Discharge and Dischargeability of Debts ("Complaint") against Dorsey Leon Hammond ("Debtor" or "Defendant"), shows the Court the following:

JURISDICTION AND VENUE

1.      This Adversary Proceeding is being brought in connection with Debtor's case under Chapter 11 of Title 11, Case Number 16-64555 now pending in this Court. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. §§ 727 and 523 et seq.

2.      This Adversary Proceeding constitutes a core proceeding as that term is defined under 28 U.S.C. § 157(b)(2)(I).

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

PARTIES

4.    Plaintiff is Delaware limited liability company, registered to do business in Georgia, with its principal address at 95 Highland Avenue, Suite 300, Bethlehem, Pennsylvania, 18017, is a creditor of Debtor pursuant to the below-described guaranty and related instruments.

5.    Defendant is an individual who may be served with process at his residence at 2251 Verna Drive, Decatur, GA 30030.  Debtor is subject to the jurisdiction and venue of this court

6.    In early 2019, Goshen Holdings, LLC ("Goshen") owned those certain properties located at 4369, 4371, 4373, 4375, 4377, 4381, 4382, 4383, 4384 and 4385 E. Barcelona Way, Augusta, Richmond County, Georgia 30501. (collectively, the "Properties").

7.    On various dates, 230 Goshen Investment Group, LLC ("230 Goshen") executed those certain Purchase and Sale Agreements with Flourish Home Investors, LLC ("Flourish") to sell the Properties to Flourish ("PSAs").

8.    Flourish sought to borrow money from Plaintiff to purchase the Properties.

9.    On June 13, 2019, Flourish, through its managing member, the Debtor, executed ten separate Mortgages for each of the Properties to Plaintiff, granting Plaintiff a security interest in each of the Properties ("Security Deeds").

10.    On or about June 13, 2019, Flourish executed ten (10) Notes to Plaintiff, each in the original principal amount of $153,000.00 ("Notes"). On June 13, 2019, Debtor executed those certain ten (10) Guaranty Agreements to Plaintiff, guaranteeing the indebtedness of Flourish on the Notes to Plaintiff ("Guaranties").

11.    At the time that Plaintiff disbursed the loan funds for the purchase of the Properties by Flourish, Plaintiff was led to believe by Flourish, Debtor and others that the Notes were secured by Security Deeds given to it by Flourish as to the Properties.

12.    In fact, Plaintiff was provided with copies of warranty deeds from 230 Goshen purporting to transfer title of all ten of the Properties to Flourish (the "Warranty Deeds").

13.    However, Plaintiff later discovered that 230 Goshen only had title to five (5) of the Properties (the "Flourish Properties"), and thus could only transfer a security interest in the five Flourish Properties to Flourish.

14.    Thus, on information and belief, Debtor and Flourish's application for loan(s) from Plaintiff to purchase the Properties was part of a fraudulent scheme by, *inter alia*, the Debtor to receive and dispose of the loan proceeds from the Notes from Plaintiff without actually expending the funds to purchase all ten (10) of the Properties. ("Flourish Fraud").

15.    Moreover, Flourish and Debtor defaulted on the payments due on the Notes and Guaranties almost immediately after taking out same.

16.    Plaintiff filed suit against, *inter alia*, Debtor and Flourish and others in that certain case styled as <u>DLP Lending Fund, LLC v. Dorsey L. Hammond, et al.</u> Superior Court of DeKalb County, Case No. 19V9667 ("Judgment Case") alleging, *inter alia*, that the Debtor had committed fraud by making numerous misrepresentations to Plaintiff regarding the title to the Properties in order to get Plaintiff to advance the funds to purchase the Properties.

17.    Debtor was served with the Complaint and Summons in the Judgment Case on October 5, 2019.

18.    Debtor did not file an Answer in the Judgment Case, and on December 5, 2019 a Judgment was entered against, *inter alia*, Debtor in the Judgment Case the principal amount of $1,530,000.00, accrued interest as of November 20, 2019 in the amount of $112,269.86, plus interest accruing thereafter at the default rate of 24% per annum, post judgment interest at the legal rate as provided by law, late fees in the amount of $2,675.00, NSF/Stop Payment fees in the amount

of $1,500.00, Loan release fees in the amount of $2,500.00, Court costs in the amount of $362.37, and Statutory attorney fees pursuant to O.C.G.A. § 13-1-11 in the amount of $164,251.98 ("Default Judgment").

19.    A Writ of Fieri Facias for the Default Judgment was recorded on December 16, 2019 at Lien Book 2245, Page 523, DeKalb County records ("Judgment Case Fi Fa").

20.    Prior to the filing of the Judgment Case, Debtor and his wife, Hariette Hammond ("H. Hammond") each owned a one-half interest in that certain real property located at 2251 Verna Drive, Decatur, GA 30034. ("Verna Property").

21.    On January 9, 2020, just a few months having being served with the Complaint in the Judgment Case, Debtor and H. Hammond recorded a Limited Warranty Deed transferring the Verna Property to the Dorsey Leon Hammond and Hariette Johnson Hammond Irrevocable Living Trust of 2019 ("Hammond Trust") for no consideration, recorded at Deed Book 28041, Page 579, DeKalb County records ("Verna Transfer").

22.    On February 21, 2020, Plaintiff filed a Verified Complaint for Damages, Interlocutory Injunction, Temporary Restraining Order, Permanent Injunction, Partition and Sale, in that certain case styled as <u>DLP Lending Fund, LLC v. Dorsey Leon Hammond, Hariette Johnson Hammond and the Dorsey Leon Hammond and Hariette Johnson Hammond Irrevocable Living Trust of 2019</u>, Superior Court of DeKalb County, Case No. 20CV256. ("UFTA Case"), seeking to, *inter alia*, reverse the Verna Transfer and recover damages against the Hammond Trust, H. Hammond and the Debtor.

23.    On October 22, 2020, the Court in the UFTA Case entered an Order reversing the Verna Transfer, which was recorded at Deed Book 28752, Page 665, DeKalb County records, a true and correct copy of which is attached hereto as **Exhibit A**.

24.     After holding a hearing on November 16, 2020, on February 1, 2021, the Court in the UFTA Case entered an Order awarding Plaintiff punitive damages against the Debtor, H. Hammond and the Hammond Trust, jointly and severally, in the amount of $153,000.00, and awarding Plaintiff attorney fees against the Debtor, H. Hammond and the Hammond Trust, jointly and severally, in the amount of $3,890.00 ("UFTA Judgment")(collectively, the Judgment and UFTA Judgment are referred to herein as the "Judgments"). A true and correct copy of the UFTA Judgment is attached hereto as **Exhibit B**.

25.     On March 17, 2021, Plaintiff received a Writ of Fieri Facias in the UFTA Case, recorded at Lien Book 2388, Page 283, DeKalb County records ("UFTA Fi Fa").

26.     The DeKalb County Sheriff then proceeded to levy on the Verna Property and advertise the Verna Property for a levy sale on July 5, 2022 before same was stayed by the Debtor's filing this bankruptcy petition on June 3, 2022.

27.     Debtor is presently indebted to DLP on the Judgment in the amount of $1,530,000.00 in principal, plus $483,180.93 in interest as of June 15, 2022, plus interest accruing thereafter at the rate of 18% per annum ("Judgment Indebtedness").

28.     The Verna Transfer was made at a time when Debtor was insolvent and/or the Verna Transfer rendered Debtor insolvent and unable to pay his debts.

29.     The Verna Transfer was made at a time when Debtor knew that collection was imminent, threatened or had commenced.

30.     The Debtor was insolvent at the time of the Verna Transfer and/or became insolvent as a result of the Property Transfers.

31.     The Flourish Fraud and the Verna Transfer show a common fraudulent scheme by Debtor to transfer away Debtor's assets and conceal them from Debtor's creditors.

32.    The Debtor made the Verna Transfer and executed the Flourish Scheme with the actual intent to hinder, delay and defraud Plaintiff, and to prevent Plaintiff from obtaining collection on Plaintiff's claims.

33.    Despite the Verna Transfer, Debtor maintained a continued concealed interest in the Verna Property because he paid or funded the expenses of the Verna Property and maintained possession, control and use of same.

34.    By the aforementioned misconduct, Debtor and his transferees conspired to defraud creditors.

35.    Debtor's fraudulent transfers were done with the actual intent to hinder, delay and defraud Plaintiff, and to prevent Plaintiff from obtaining collection on Plaintiff's claims.

### *Debtor Not Entitled to a Discharge or to Discharge the Debt Owed to Lender*

36.    It is axiomatic that bankruptcy is for the honest but unfortunate debtor. As has been shown above, the Debtor is neither honest nor unfortunate. On the contrary, Debtor is attempting to use the Bankruptcy Court to achieve dishonest and fraudulent goals.

37.    Debtor owes Plaintiff on the Judgment in the amount of $1,530,000.00 in principal, plus $483,180.93 in interest as of June 15, 2022, plus interest accruing thereafter at the rate of 18% per annum. This is a liquidated amount and should be determined non-dischargeable. Alternatively, this Court should deny Debtor's discharge.

COUNT I
ACTION TO DENY DISCHARGEABILITY OF PLAINTIFF'S DEBT PURSUANT TO
11 U.S.C. § 523(a)(2)(A)

38.    Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 37 above as if the same were fully set forth herein.

39.    Defendant perpetrated an actual fraud upon Plaintiff by engaging in a fraudulent transfer scheme whereby he transferred away his assets and made false representations on behalf of Flourish so as to render those assets beyond the reach of his creditors, including Plaintiff.

40.    Defendant did so with fraudulent intent to hinder, delay or defraud his creditors, including Plaintiff.

41.    Defendant concealed and did not disclose the above-described transfers.

42.    Around the time and after the Judgment was entered against him, Defendant engaged in a pattern, practice, and scheme of transferring his assets away from himself so that his personal Guaranty of the Notes would be worthless.

48.    In addition, the Debtor fraudulently conveyed and/or converted Flourish's assets with the intent to defraud his creditors, pursuant to 11 U.S.C. § 523(a)(2)(A). Husky Intern. Electronics, Inc. V. Ritz, 136 S.Ct. 1581, 1589 (U.S. 2016).

43.    Such actions by Defendant made his Guaranty worthless and constitute actual fraud in that, among other things, Defendant hid and concealed changes in his financial condition and the transfer of his assets.

49.    Debtor made numerous intentional fraudulent misstatements regarding the Flourish Fraud to Plaintiff, including signing five security deeds granting Plaintiff a security interest in property that Flourish did not own.

50.    Debtor obtained money, renewal or extensions of credit by actual fraud by concealing the above transfers and information.

51.    Debtor, with intent to deceive Plaintiff, made materially false statements in writing to Plaintiff, to whom Debtor is liable, respecting Flourish's ownership of all ten Properties.

52.     Plaintiff reasonably or justifiably relied on Debtor's materially false statements and extended, renewed and/or refinanced credit to Debtor as a result.

53.     For these reasons, the Defendant's debt to Plaintiff should be excepted from debtor's discharge under 11 U.S.C. § 523(a)(2)(A).

54.     By the various actions specified taken on the dates shown above, as well as others, Debtor perpetrated a fraud on Plaintiff, by dissipating and transferring the money and assets that could have paid the debt owed to Plaintiff to the Hammond Trust and other family members of the Debtor.

55.     Debtor's frauds directly and proximately caused injury to Plaintiff for which it herein sues.

56.     Plaintiff has sustained loss and damage as a result of Defendant's fraudulent scheme, misrepresentations and/or omissions in the amount of $1,530,000.00 in principal, plus $483,180.93 in interest as of June 15, 2022, plus interest accruing thereafter at the rate of 18% per annum, as well as attorneys' fees and other charges or such other amounts to be shown at trial.

57.     Plaintiff is entitled to recover punitive and exemplary damages because Defendant's actions show willful misconduct, malice, fraud, wantonness, oppression or that entire want of care which would raise the presumption of conscious indifference to the consequences.

58.     Defendant has acted in bad faith, been stubbornly litigious, or has caused Plaintiff unnecessary trouble and expense. Accordingly, Plaintiff is entitled to recover against Defendant all costs and expenses of litigation, including reasonable attorneys' fees pursuant to O.C.G.A. § 13-6-11.

59.     Plaintiff is entitled to exemplary and punitive damages.

<u>COUNT II</u>
<u>ACTION TO DENY DISCHARGEABILITY OF PLAINTIFF'S DEBT PURSUANT TO
11 U.S.C. § 523(a)(6)</u>

60.    Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 59 above as if the same were fully set forth herein.

61.    Debtor engaged in fraudulent transfers, fraudulent conveyances and false representations which inflicted willful and malicious injury on Plaintiff, and, as a result the debt owed to Plaintiff, plus interest, is non-dischargeable under § 523(a)(6) of the Bankruptcy Code.

62.    Plaintiff has sustained loss and damage as a result of Defendant's fraudulent scheme in the amount of $1,530,000.00 in principal, plus $483,180.93 in interest as of June 15, 2022, plus interest accruing thereafter at the rate of 18% per annum, as well as attorneys' fees and other charges or such other amounts to be shown at trial.

63.    Plaintiff is entitled to recover punitive and exemplary damages because Defendant's actions show willful misconduct, malice, fraud, wantonness, oppression or that entire want of care which would raise the presumption of conscious indifference to the consequences.

64.    Defendant has acted in bad faith, been stubbornly litigious, or has caused Plaintiff unnecessary trouble and expense. Accordingly, Plaintiff is entitled to recover against Defendant all costs and expenses of litigation, including reasonable attorneys' fees pursuant to O.C.G.A. § 13-6-11.

<u>COUNT III</u>
<u>ACTION TO DENY DEBTOR'S DISCHARGE UNDER § 727(a)(2)(A) REMOVING
OR CONCEALING PROPERTY WHICH OTHERWISE WOULD HAVE BEEN
AVAILABLE TO PAY DEBTS</u>

65.    Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 64 above as if the same were fully set forth herein.

66.     Within one year before the petition was filed in this case, Debtor, with intent to hinder, delay or defraud a creditor removed, destroyed or concealed or permitted the transfer, removal, destruction or concealment of his property, property which otherwise would have been available to pay the Judgment. 11 U.S.C. § 727(a)(2)(A).

67.      Defendant has dissipated his assets within one year of filing his bankruptcy case through some or all of the transfers.

68.     The transfers operated to conceal Debtor's interest in the Verna Property, and Debtor's concealment of his interests in the Verna Property continued into the one-year period preceding the filing of his bankruptcy case.

69.     Debtor concealed his receipt of and/or interest in income or income-producing assets both during the one-year period preceding the filing of his bankruptcy case and after the filing of his bankruptcy case, and he has failed to provide records showing the disposition of these funds.

70.     These funds would have otherwise been available to pay the Judgment.

71.     Debtor made the above transfers with the intent to hinder, defraud and delay his creditors, and to conceal same from his creditors.

72.     Debtor did not receive any consideration or received less than reasonably equivalent value for the above-described transfers.

73.     Debtor concealed and secretly retained a beneficial interest in the transferred property and proceeds thereof and same continued into the one-year period before the Petition Date.

74.     Accordingly, Debtor is not entitled to a discharge because he, with intent to hinder, delay or defraud a creditor removed, destroyed or concealed or permitted the transfer, removal,

destruction or concealment of his property and/or property of the Debtor's estate, property which otherwise would have been available to pay the Judgment in the year before the Petition Date, in violation of 11 U.S.C. § 727(a)(2)(A) and (B), so as to make his Guaranty of the Note worthless.

75.     Debtor is not entitled to a discharge because he, with intent to hinder, delay or defraud a creditor removed, destroyed or concealed or permitted the transfer, removal, destruction or concealment of his property and/or property of the Debtor's estate property, which otherwise would have been available to pay the Judgment, after the filing of this bankruptcy case as shown in the Transfers described above, in violation of 11 U.S.C. § 727(a)(2)(B), so as to make his Guaranty of the Note worthless.

COUNT IV
ACTION TO DENY DEBTOR'S DISCHARGE UNDER § 727(a)(3)
FOR FAILURE TO KEEP OR PRESERVE RECORDS

76.     Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 75 above as if the same were fully set forth herein.

77.     Debtor failed to keep or preserve books and records from which his financial condition might be ascertained in violation of 11 U.S.C. § 727(a)(3).

78.     Debtor failed to maintain any records as to Flourish's disposition of the loan proceeds from Plaintiff for the purchase of the Properties.

79.     Such failure to keep or preserve books and records was not justified under the circumstances of this case.

80.     Accordingly, Debtor is not entitled to a discharge because, without justification, he failed to keep or preserve books and records from which his financial condition might be ascertained in violation of 11 U.S.C. § 727(a)(3).

<u>COUNT V</u>
<u>ACTION TO DENY DEBTOR'S DISCHARGE UNDER § 727(a)(5)</u>
<u>FOR FAILURE TO EXPLAIN LOSS OF ASSETS TO PAY DEBTS</u>

81.    Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 80 above as if the same were fully set forth herein.

82.    As was shown above, Debtor failed to explain satisfactorily a loss of assets to meet liabilities, including by dissipating the loan proceeds advanced by Plaintiff for the purchase of the Flourish Properties, in violation of 11 U.S.C. § 727(a)(5).

83.    Accordingly, Debtor is not entitled to a discharge because he failed to explain satisfactorily a loss of assets to meet liabilities in violation of 11 U.S.C. § 727(a)(5).

<u>COUNT VI</u>
<u>RESERVATION OF RIGHTS</u>

84.    Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 83 above, as if the same were fully set forth herein.

85.    Plaintiff reserves the right to pursue any and all claims against Debtor and her coconspirators and transferees as allowed by state law and bankruptcy law. Plaintiff further reserves its right to amend this Complaint to assert other bases for objection to discharge of Debtor or for determination of non-dischargeability of debt.

WHEREFORE, Plaintiff prays that this Court:

1.    As to Counts I and II, enter judgment a non-dischargeable judgment in favor of Plaintiff and against Debtor on the Judgment in the amount of $1,530,000.00 in principal, plus $483,180.93 in interest as of June 15, 2022, plus interest accruing thereafter at the rate of 18% per annum,, together with attorneys' fees and other charges or such other amounts to be shown at trial;

2.    As to Count III, enter judgment determining that the Debtor is not entitled to a discharge under 11 U.S.C. § 727(a)(2)(A);

3.    As to Count IV, enter judgment determining that the Debtor is not entitled to a discharge under 11 U.S.C. § 727(a)(3);

4.  As to Count V, enter judgment determining that the Debtor is not entitled to a discharge under 11 U.S.C. § 727(a)(5);

5.  Enter judgment against the Debtor for punitive and exemplary damages, as well as attorney's fees and other charges or such other amounts to be shown at trial;

6.  Enter judgment awarding Plaintiff all of its expenses of litigation, including reasonable attorneys' fees; and

7.  Grant such other and further relief as this Court deems just and proper.

This 7th day of March, 2023.

ROGERS LAW OFFICES

*/s/ Beth E. Rogers*
Beth E. Rogers, Georgia Bar No. 612092
James F. F. Carroll, Georgia Bar No. 940350
9040 Roswell Road, Suite 205
Atlanta, GA 30350
770-685-6320 phone
678-990-9959 fax
brogers@berlawoffice.com
*Attorneys for Plaintiff*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| DORSEY LEON HAMMOND | ) | Case No. 22-54243-jwc |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| DLP LENDING FUND, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding No. |
| | ) | |
| v. | ) | |
| | ) | |
| DORSEY LEON HAMMOND | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

CERTIFICATE OF SERVICE

This is to certify that on this date I served the within and foregoing Complaint Objecting to Discharge via first-class mail, postage prepaid, upon:

**Elizabeth Childers**
Rountree, Leitman & Klein, LLC.
1 Century Plaza
2987 Clairmont Road, Ste 350
Atlanta, GA 30329
*Attorney for Debtor*

**Office of the United States Trustee**
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303
*U.S. Trustee*

Dorsey Hammond
2251 Verna Drive
Decatur, GA 30030

**Office of the United States Trustee**
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303
*U.S. Trustee*

This 7th day of March, 2023.

*/s/ Beth E. Rogers*
Beth E. Rogers, Georgia Bar No. 612092

Exhibit A

**FILED 10/23/2020 2:31 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA**

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

DLP LENDING FUND, LLC          )
          )
    Plaintiff,          )
          )
v.          )     CIVIL ACTION NO. <u>20CV2563</u>
          )
DORSEY L. HAMMOND, HARIETTE    )
JOHNSON HAMMOND and    )
DORSEY LEON HAMMOND AND    )
HARIETTE JOHNSON HAMMOND    )
IRREVOCABLE LIVING TRUST OF 2019 )
          )
    Defendants.          )
_____)

### Order Granting Plaintiff's Motion for Default Judgment

Defendants Dorsey Hammond ("D. Hammond") and the Dorsey Leon Hammond and Hariette Johnson Hammond Irrevocable Living Trust of 2019 (the "Trust"), Hariette Johnson Hammond ("H. Hammond")(collectively, the "Defendants") having been duly and lawfully served with Summons and Complaint in this action and having failed to respond thereto as required by law, and this action having become in default on August 4, 2020 and Defendants having failed to open the default as a matter within fifteen (15) days of the date of default by or before August 19, 2020, and the Court having determined that Plaintiff is entitled to a reversal of that certain warranty deed from Defendants D. Hammond and H. Hammond to the Trust, recorded on January 9, 2020 at Deed Book 28041, Page 579, Fulton County, Georgia records ("Warranty Deed"), transferring Defendant D. Hammond's interest in that real property located at 2251 Verna Drive, Decatur, DeKalb County, GA 30034, as more particularly described in the Warranty Deed, (the "Verna Property") to the Trust, and that Plaintiff is entitled to the equitable relief sought of partition by sale of the Verna Property;

WS

**IT IS HEREBY ORDERED AND ADJUDGED** that the Warranty Deed is hereby avoided and reversed pursuant to O.C.G.A. § 18-2-77 insofar as it transfers any interest of Defendant D. Hammond in the Verna Property to Defendant Trust. Plaintiff may record this Order in the real estate records of DeKalb County;

**IT IS FURTHER ORDERED** that the sheriff of DeKalb County, Georgia shall levy upon the Verna Property, advertise the Verna Property for sale in the DeKalb Champion, pursuant to O.C.G.A. § 9-13-50, and conduct a sheriff's sale of the Verna Property. Upon the sheriff's sale of the Verna Property, Plaintiff shall receive half of the proceeds of sale of the Property up to the amount necessary to satisfy its Judgment, with the remainder of the sales proceeds being interplead into the registry of the Court, so that Defendants H. Hammond, the Trust, and any other interested party may make a claim to same.

**IT IS FURTHER ORDERED** that the Court reserves any ruling as to Plaintiff's claims for attorney fees and punitive damages for hearing at a later date.

SO ORDERED this 22nd day of October                    , 2020.

The Honorable Courtney L. Johnson
Judge, Superior Court of DeKalb County, Georgia

**SUBMITTED BY:**

ROGERS LAW OFFICES
By _/s/James F. F. Carroll_
Beth E. Rogers
Georgia Bar No. 61092
James F. F. Carroll
Georgia Bar No. 940350
Suite 1950
100 Peachtree Street
Atlanta, GA  30303
(770) 685-6320 P
(678) 990-9959 F
brogers@berlawoffice.com

FILED 2/1/2021 11:17 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

**IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA**

Exhibit B

**DLP LENDING FUND, LLC**

      **Plaintiff,**

**vs.**                            **CIVIL ACTION NO. 20CV2563-1**

**DORSEY L. HAMMOND, HARIETTE
JOHNSON HAMMOND and
DORSEY LEON HAMMOND AND
HARIETTE JOHNSON HAMMOND
IRREVOCABLE LIVING TRUST OF 2019**

      **Defendants.**

## FINAL ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

This matter having come before this Court on Plaintiff DLP Lending Fund, LLC's ("Plaintiff") Motion for Default Judgment filed on August 24, 2020. On October 22, 2020, this Court entered an order reversing the transfer of the Verna Property and ordering the sale by levy of same, while reserving judgment as to damages and attorney's fees. A final hearing was conducted remotely on November 16, 2020. Plaintiff was represented by counsel, James F.F. Carroll.  Defendants were not present but received timely notice of hearing. Upon consideration of the pleadings, oral argument of counsel at the hearing, and good cause shown, this Court hereby **FINDS** and **ORDERS** as follows:

### Procedural History and Issues

This action presently before this Court arises from long-standing litigation against Defendants, who have never filed any responsive pleadings. Plaintiff previously filed suit against Defendant Dorsey Hammond and non-party Flourish Home Investors in the case styled as <u>DLP Lending Fund, LLC v. Dorsey L. Hammond, et al.</u>, Superior Court of DeKalb County, Case No.

ws

19CV9667-1 ("Original Judgment Case"). While Case No. 19CV9667 remains open, this Court granted Default Judgment as to Defendants Dorsey Hammond and Flourish Home Investors, LLC on December 5, 2019. The brief procedural history and background is as follows:

On or about June 13, 2019, Flourish Home Investors, LLC ("Flourish") executed ten (10) notes to Plaintiff, each in the original principal amount of $153,000.00. On June 13, 2019, Defendant Dorsey Hammond executed these certain ten (10) Guaranty Agreements, guaranteeing the indebtedness of Flourish on the Notes to Plaintiff ("Guaranties"). At the time that Plaintiff disbursed the funds for the notes, Plaintiff believed that the notes were secured by Security Deeds given to it by Flourish as to those certain properties located at 4369, 4371, 4373, 4375, 4377, 4381, 4382, 4383, 4384 and 4385 E. Barcelona Way, Augusta, Richmond County, Georgia 30501 (collectively, the "Properties"). However, Plaintiff later discovered that Flourish only had title to five (5) of the Properties (the "Flourish Properties"), and that no security deeds had been recorded against the Flourish Properties. Thereafter, Flourish and Defendant Dorsey Hammond defaulted on the payments due on the notes and guaranties.

Defendant Dorsey Hammond was served with the Complaint and Summons on October 5, 2019, and his Affidavit of Service was filed with the Court on October 6, 2019. Defendant D. Hammond did not file an answer in the Original Judgment Case, 19CV9667-1, and on December 5, 2019 default judgment was entered against Defendant D. Hammond as follows:

1. Principal amount of $1,530,000.00 (for the ten (10) properties @ $153,000.00 each)
2. Accrued interest as of November 20, 2019 in the amount of $112,269.86, plus interest accruing thereafter at the default rate of 24% per annum and post judgment interest at the legal rate as provided by law
3. Late fees in the amount of $2,675.00
4. NSF/Stop Payment fees in the amount of $1,500.00
5. Loan release fees in the amount of $2,500.00
6. Court costs in the amount of $362.37
7. Statutory attorney fees pursuant to O.C.G.A. § 13-1-11 in the amount of $164,251.98.

*DLP Lending Fund, LLC v. Hammond, et al.*
*Superior Court of DeKalb County*
*Final Order on Damages and Attorney's Fees*
*Page 2 of 9*

A Writ of Fieri Facias for the Default Judgment was recorded on December 16, 2019 at Lien Book 2245, Page 523, DeKalb County records.

Plaintiff now asserts that immediately after the entry of the underlying default judgment against Defendant Dorsey Hammond, Defendants D. Hammond and H. Hammond recorded a Limited Warranty Deed transferring D. Hammond's ownership of property located at 2251 Verna Drive Decatur, Georgia 30034 (the "Verna Property") to the Hammond Trust for no consideration, recorded at Deed Book 28041, Page 579, DeKalb County records ("Verna Warranty Deed"). Plaintiff asserts that Defendants were active participants in the fraudulent transfer of the Verna Property. Plaintiff contends that Defendant Hammond Trust did not receive adequate consideration in return for transfer of the Verna Property. Plaintiff further contends that Defendants transferred this property with the intent to hinder, delay, and defraud Plaintiff in its efforts to collect on its claims and the judgment.

On October 22, 2020, this Court granted Plaintiff's request for default judgment and to reverse the transfer of the Verna Property. Defendants D. Hammond and H. Hammond's interests in the Property were to be equitably partitioned by sale, pursuant to O.C.G.A. § 44-6-140, and that one half of the proceeds of such sale or the amount necessary satisfy Plaintiff's Fi Fa, whichever is lesser, being remitted to Plaintiff, with the remainder of the sales proceeds being deposited in the court registry to be remitted to H. Hammond or any other claimant.

The remaining issues are whether punitive damages should be awarded, whether a receiver should be appointed to hold Defendant's assets for payment to their creditors, including Plaintiff, whether injunctive relief should be granted, and whether attorney's fees should be granted pursuant to O.C.G.A. §13-6-11.

*DLP Lending Fund, LLC v. Hammond, et al.*
*Superior Court of DeKalb County*
*Final Order on Damages and Attorney's Fees*
*Page 3 of 9*

**Rule of Law**

O.C.G.A. § 51-12-5.1 provides in part, punitive damages shall be awarded not as compensation to a plaintiff but solely to punish, penalize, or deter a defendant. For any tort action not provided for by subsection (e) or (f) of this Code section in which the trier of fact has determined that punitive damages are to be awarded, the amount which may be awarded in the case shall be limited to a maximum of $250,000.00. Ga. Code Ann. § 51-12-5.1 (West) See *Scott v. Battle*, 249 Ga. App. 618, 621 (2001); *McDaniel v. Elliott*, 269 Ga. 262, 263 (1998).

"Punitive damages may be awarded in tort actions where it is proven by clear and convincing evidence that 'the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.' The statutory cap of $250,000 on punitive damages may be lifted where the trier of fact finds that the defendant acted, or failed to act, with the specific intent to cause harm." *Brewer v. Insight Tech., Inc.*, 301 Ga. App. 694, 698–99 (2009).

Punitive damages may be awarded in fraudulent transfer cases under the Uniform Voidable Transfers Act. *Interfinancial Midtown, Inc. v. Choate Construction Company*, 806 S.E.2d 255, 263, 343 Ga.App. 793, 802 (Ga.App., 2017) (award of punitive damages in fraudulent transfer act case was appropriate). In order to prove punitive damages, the plaintiff must prove "by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care" raising a presumption of conscious indifference to consequences. *Cavin v. Brown*, 538 S.E.2d 802, 806 (Ga.App.,2000).

"A defendant in default is in the position of having admitted each and every material allegation of the plaintiff's petition except as to the amount of damages alleged. The default concludes the defendant's liability and estops him from offering any defenses which would defeat

*DLP Lending Fund, LLC v. Hammond, et al.*
*Superior Court of DeKalb County*
*Final Order on Damages and Attorney's Fees*
*Page 4 of 9*

the right of recovery." *Fink v. Dodd*, 286 Ga. App. 363 (2007). "…The failure to answer or to appear at trial serves as an admission of the facts alleged in the complaint, but not of the conclusions of law contained therein. So, while a default operates as an admission of the well-pled factual allegations in a complaint, it does not admit the legal conclusions contained therein. A default simply does not require blind acceptance of a plaintiff's erroneous conclusions of law. Nor does a default preclude a defendant from showing that under the facts as deemed admitted, no claim existed which would allow the plaintiff to recover." *Fink v. Dodd*, 286 Ga. App. 363, 365 (2007).

Before the Court will grant injunctive relief, the movant must show (1) a substantial likelihood that it will prevail on the merits; (2) that it will suffer irreparable harm unless the injunction is granted; (3) that the threatened injury to the movant outweighs the damage to the opposing party; and (4) that the injunction, if issued, will not be adverse to the public interest. *Davis v. VCP South, LLC*, 297 Ga. 616 (2015).

"Mere speculation that an adverse party might commit a wrongful act is not a proper basis for… injunctive relief." *Cheese Shop Int'l, Inc. v. Wirth*, 304 F. Supp. 861, 862 (N.D. Ga. 1969). A "plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future... from which the continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." *Mun. Elec. Auth. of Georgia v. JEA*, No. 1:18-CV-4295-MHC, 2019 WL 5586550, at *3 (N.D. Ga. Apr. 9, 2019).

O.C.G.A. § 9-8-1 provides, "when any fund or property is in litigation and the rights of either or both parties cannot otherwise be fully protected or when there is a fund or property having

*DLP Lending Fund, LLC v. Hammond, et al.*
*Superior Court of DeKalb County*
*Final Order on Damages and Attorney's Fees*
*Page 5 of 9*

no one to manage it, a receiver of the same may be appointed by the judge of the superior court having jurisdiction thereof." Ga. Code Ann. § 9-8-1 (West). Appointment of a receiver is an equitable remedy, similar to an interlocutory injunction. See *Nayyar v. Bhatia*, 2019, 348 Ga. App. 789 (2019). "The decision as to whether the circumstances are sufficiently clear and urgent enough to warrant a receiver is committed to the trial court's discretion, which will not be interfered with on appeal unless it was manifestly abused." *Nayyar v. Bhatia*, 348 Ga. App. 789, 790, 824 S.E.2d 675, 677 (2019).

In Coe Mfg. Co. v. Dublin & Laurens Bank, the Supreme Court of Georgia held, that a "judgment creditor of corporation, having remedy at law by levy and sale, and failing to show that he would suffer injury if receiver should not be appointed for debtor corporation, was not entitled to appointment of receiver." The Court held:

> "A court of equity may appoint a receiver to take possession of, and hold subject to the direction of the court, any assets charged with the payment of debts, where there is manifest danger of loss, or destruction, or material injury to those interested… However, creditors without lien cannot, as a general rule, enjoin their debtors from disposing of property, nor obtain injunction or other extraordinary relief in equity… Moreover, equity will not take cognizance of a plain legal right, where an adequate and complete remedy is provided by law… And furthermore, the power of appointing receivers and ordering injunctions should be prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to… Applying the foregoing principles, the plaintiff without a lien was not entitled to the appointment of a receiver… The plaintiff suing as a judgment creditor had a remedy at law by levy and sale, and failed to show that he would suffer injury if a receiver should not be appointed, and consequently he was not entitled to the appointment of a receiver."

*Coe Mfg. Co. v. Dublin & Laurens Bank*, 160 Ga. 675(1925).

O.C.G.A. § 13-6-11 provides that "the expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the

*DLP Lending Fund, LLC v. Hammond, et al.*
*Superior Court of DeKalb County*
*Final Order on Damages and Attorney's Fees*
*Page 6 of 9*

plaintiff unnecessary trouble and expense, the jury may allow them." Ga. Code Ann. § 13-6-11 (West).

## Conclusions of Law

This Court **FINDS** that under the circumstances there is a sufficient basis for an award of punitive damages and attorneys' fees against the Defendants, jointly and severally. However, this Court **FINDS** that the maximum amount of punitive damages that can be awarded in the present matter is $250,000.00. Defendants' fraudulent transfer the Verna Property was seemingly done with willful misconduct to prevent Plaintiff from enforcing its judgment lien, but a default judgment merely serves as an admission of the factual allegations. As such, this Court **FINDS** that it does not have sufficient information to conclude that Defendants acted with specific intent to harm Plaintiff. This Court is not inclined to make an assumptive ruling that Defendants acted with specific intent to cause harm to Plaintiff and to thereby exceed the cap of $250,000.00 for punitive damages. Accordingly, Plaintiff requests a punitive damages award of $1,530,000.00 is hereby **GRANTED** in part and **DENIED** in part.

This Court **FINDS** that a punitive damages award in the amount of $153,000.00 is appropriate. This award equates to 10% of the principal amount of $1,530,000.00 awarded to Plaintiff on December 5, 2019. The award also reflects the total cost of one (1) property at issue in the Original Judgment Case.  Further, this amount is aligned with the statutory cap for punitive damages. This Court **FINDS** that when Plaintiff collects upon the default judgment entered in the Original Judgment Case and this judgment stated herein, it shall be restored to as good and whole a position before the initial loss and subsequent, fraudulent conveyance of property. Expectantly, Defendants shall be deterred from engaging in any future, similar conduct which caused Plaintiff's injuries.

*DLP Lending Fund, LLC v. Hammond, et al.*
*Superior Court of DeKalb County*
*Final Order on Damages and Attorney's Fees*
*Page 7 of 9*

Next, this Court **FINDS** that injunctive relief is not necessary in this present matter. Plaintiff's counsel asserted that they believe that the Verna Property is the sole property in Defendant D. Hammond's name, which was transferred to avoid liability of the previous default judgment. Plaintiff did not specify the type of injunctive relief it seeks, whether this relief was to be was temporary or permanent. Additionally, Plaintiff, as the movant, did not sufficiently demonstrate the legal criteria that would merit the grant of an injunction. Considering the above, this Court **FINDS** that injunctive relief is not appropriate. Further, this Court **FINDS** that this Court has previously awarded Plaintiff a remedy at law, which is the levy and sale of the Verna Property.  Accordingly, the appointment of a receiver is also not necessary.

## Order

### IT IS HEREBY ORDERED AND ADJUDGED THAT:

1) Each and every fact set forth in the Complaint is established for purposes of this action in accordance with Plaintiff's claims against the Defendants;

2) Defendants' participation in the transferred the Verna Property was willful, malicious, and intentional to hinder, delay or prohibit Plaintiff from collecting the indebtedness owed by Defendant Dorsey Hammond to Plaintiff;

3) Plaintiff is **GRANTED** judgment against Defendants, Dorsey L. Hammond, Hariette Johnson Hammond and the Dorsey Leon Hammond and Hariette Johnson Hammond Irrevocable Living Trust of 2019, jointly and severally, in actual attorneys' fees incurred in this action in the amount of $3,890.00;

4) Judgment is **GRANTED** as to punitive damages against Defendants, Dorsey L. Hammond, Hariette Johnson Hammond and the Dorsey Leon Hammond and Hariette Johnson Hammond Irrevocable Living Trust of 2019, jointly and severally, and in favor of Plaintiff in the amount of $153,000.00;

5) Plaintiff's request for an injunction is hereby **DENIED.**

6) Plaintiff's request for the appointment of a receiver is hereby **DENIED**.

*DLP Lending Fund, LLC v. Hammond, et al.*
*Superior Court of DeKalb County*
*Final Order on Damages and Attorney's Fees*
*Page 8 of 9*

So **ORDERED** this 1st day of February 2021.

                                                         
Hon. Courtney L. Johnson, Judge
Superior Court of DeKalb County
Stone Mountain Judicial Circuit

**Copies to:**

Ms. Beth E. Rogers, Georgia Bar No. 612092
Rogers Law Offices
The Equitable Building
100 Peachtree Street, Suite 1950
Atlanta, Georgia 30303
770-685-6320 phone
678-990-9959 fax
brogers@berlawoffice.com
Counsel for Plaintiff

*DLP Lending Fund, LLC v. Hammond, et al.*
*Superior Court of DeKalb County*
*Final Order on Damages and Attorney's Fees*
*Page 9 of 9*