IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| DORSEY LEON HAMMOND | ) | Case No. 22-54243-jwc |
| | ) | |
| Debtor. | ) | |
| | ) | |
| DLP LENDING FUND, LLC | ) | CONTESTED MATTER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GROUNDFLOOR HOLDINGS GA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF FILING OF AMENDED SETTLEMENT AGREEMENT

COMES NOW DLP Lending Fund, LLC ("DLP"), a creditor in the above-styled bankruptcy case, and hereby gives notice of filing of the Amended Settlement Agreement, executed by it and Groundfloor Holdings GA, LLC. A true and correct copy of said Amended Settlement Agreement is attached hereto as **Exhibit "A."**

This the 10th day of April, 2023.

                                                     **ROGERS LAW OFFICES**
                                                     */s/ James F. F. Carroll*
                                                     Beth E. Rogers, Georgia Bar No. 612092
                                                     James F. F. Carroll, Georgia Bar No. 940350
                                                     9040 Roswell Road, Suite 205
                                                     Atlanta, GA 30350
                                                     770-685-6320 phone;   678-990-9959 fax
                                                     brogers@berlawoffice.com
                                                     *Attorneys for DLP*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| DORSEY LEON HAMMOND | ) | Case No. 22-54243-jwc |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| DLP LENDING FUND, LLC | ) | CONTESTED MATTER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GROUNDFLOOR HOLDINGS GA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date served a true and correct copy of the within and foregoing **Notice of Filing of Amended Settlement Agreement** upon the following by having a copy of same placed in the United States Mail with adequate postage thereon and properly addressed as follows:

Harriette Hammond
2251 Verna Drive
Decatur, Georgia 30034

See Mailing Matrix, attached hereto as **Exhibit B**.

This the 10th day of April.

*/s/ Beth E. Rogers*
Beth E. Rogers, Georgia Bar No. 612092

Exhibit A

## AMENDED RELEASE AND SETTLEMENT AGREEMENT

This Amended Release and Settlement Agreement (the "Agreement") is entered into this 30th day of March, 2023, by and between DLP Lending Fund, LLC ("DLP" or "Plaintiff") and Groundfloor Holdings GA, LLC ("Groundfloor"), (together, Groundfloor and DLP are referred to as the "Parties").

**WHEREAS**, on June 13, 2019, Flourish Home Investors, LLC ("Flourish") executed ten Notes to DLP of $153,000.00 each, one for each of the Properties ("Notes"), and ten mortgages, ("Mortgages") purporting to grant DLP a security interest in each of the properties located at 4369, 4371, 4373, 4375, 4377, 4381, 4382, 4383, 4384 and 4385 E. Barcelona Way, Augusta, Richmond County, Georgia 30501 (collectively, the "Properties");

**WHEREAS**, on June 13, 2019, Dorsey Hammond ("D. Hammond") executed ten Guaranties to DLP ("Guaranties"), guaranteeing all indebtedness owed on the Notes to DLP (collectively, the Notes, Guaranties, Mortgages and any related loan documents are referred to herein as the "Loan Documents");

**WHEREAS**, DLP wired $1,521,975.10 (the "Wired Funds") to the closing attorney, Sanjay Patel's escrow account to finance Flourish's purchase of the Properties;

**WHEREAS**, Flourish only received title to, and recorded mortgages for DLP for, the properties located at 4369, 4371, 4373, 4375, 4377 E. Barcelona Way, Augusta, Richmond County, Georgia 30501 (the "Transferred Properties");

**WHEREAS**, DLP filed suit against, *inter alia*, Flourish and D. Hammond on September 18, 2019 in that certain case styled as <u>DLP Lending Fund, LLC v. Flourish Home Investors, LLC, et al.</u> Superior Court of DeKalb County, Case No. 19V9667 ("State Court Case") seeking, *inter alia*, to recover a Judgment against Flourish and D. Hammond equal to the amount of the Wired Funds, plus interest, punitive damages and attorneys' fees (the "Indebtedness");

**WHEREAS**, on December 5, 2019, the Court entered a Default Judgment in the State Court Case against Flourish and D. Hammond in the principal amount of $1,530,000.00, interest through November 20, 2019 of $112,269.86, fees and court costs of $7,093.37 and attorney fees of $164,251.98 ("DLP/Flourish-Hammond Default Judgment");

**WHEREAS**, a Writ of Fieri Facias for the State Court Judgment was recorded on December 16, 2019 at Lien Book 2245, Page 523, DeKalb County records ("DLP/Flourish-Hammond Default Fi Fa");

**WHEREAS**, on January 9, 2020, D. Hammond and Hariette Hammond ("H. Hammond") recorded a Limited Warranty Deed transferring that certain property located at 2251 Verna Drive, Decatur, Georgia 30034 ("Verna Property") to Dorsey Leon Hammond and Hariette Johnson Hammond Irrevocable Living Trust of 2019 ("Hammond Trust") for no consideration, recorded at Deed Book 28041, Page 579, DeKalb County records ("Verna Warranty Deed");

1

**WHEREAS**, on April 28, 2020, Groundfloor recorded a Writ of Fieri Facias against, *inter alia*, Dorsey Hammond and Flourish in the DeKalb County records, Lien Book 2306, Page 382 ("Groundfloor Fi Fa"), for a Judgment in that certain case styled as Groundfloor Holdings GA, LLC v. Dorsey Hammond et al., Superior Court of Fulton County, Case No. 2019CV323363 ("Groundfloor Judgment");

**WHEREAS**, on February 21, 2020, DLP filed a Complaint to reverse the transfer of the Verna Property in that certain case styled as DLP Lending Fund, LLC v. Dorsey Hammond, Hariette Hammond et al., Superior Court of DeKalb County, Case No. 20CV2563 ("UFTA Lawsuit");

**WHEREAS**, on October 23, 2020, the Court in the UFTA Lawsuit entered an Order reversing the Verna Warranty Deed;

**WHEREAS**, on February 1, 2021, the Court in the UFTA Lawsuit entered a Judgment in favor of DLP and against D. Hammond and H. Hammond, jointly and severally, in the amount of $153,000.00 in punitive damages, plus $3,890.00 in attorney fees ("UFTA Judgment")(collectively, the UFTA Judgment and the DLP/Flourish-Hammond Default Judgment are referred to herein as the "DLP Judgments");

**WHEREAS**, on March 19, 2021, a Fi FA was recorded for the UFTA Judgment at Lien Book 2388, Page 283 ("UFTA Fi FA")(Collectively the DLP/Flourish-Hammond Fi FA and UFTA Fi FA are referred to herein as the "DLP Fi Fas");

**WHEREAS**, on June 3, 2022, D. Hammond filed a Chapter 11 bankruptcy case styled as In re Dorsey Hammond, United States Bankruptcy Court, Northern District of Georgia, Case No. 22-54243 ("Hammond Bankruptcy");

**WHEREAS**, on September 14, 2022, the Court in the Hammond Bankruptcy entered an Order approving the sale of the Verna Property for $250,000.00 ("Sale Proceeds"), which is currently held in the trust account of D. Hammond's counsel;

WHEREAS, as set forth below, and subject to Bankruptcy Court approval, the Parties intend to compromise and settle all disputed claims between them related to the Sale Proceeds, Judgments, Fi Fa and UFTA Fi Fa, in accordance with and subject to the terms and conditions as set forth herein; and

NOW, THEREFORE, for and in consideration of the promises, obligations and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **TERMS**.

    1.1    The foregoing recital of facts is made and shall be a part of this Agreement to the same extent as if fully set forth herein.

      1.2    Upon execution of this Agreement by the Parties, the Parties will promptly file a Joint Motion to Approve Compromise and Settlement (the "Settlement Motion") in the Hammond Bankruptcy. The Settlement Motion shall be in substantially the same form as **Exhibit "A,"** which is attached hereto. The Settlement Motion shall seek (a) approval of this Agreement; and (b) entry of a Consent Order in the Hammond Bankruptcy Case, providing that DLP shall receive $150,000.00 from the Sale Proceeds and Groundfloor shall receive $100,000.00 from the Sale Proceeds, (the "Consent Order"), attached as **Exhibit B**, which is attached hereto. This Agreement is contingent upon the Bankruptcy Court's approval and entry of the Consent Order. If the Bankruptcy Court does not enter the Consent Order, this Agreement is null and void and has no evidentiary or other legal effect.

      (a) Upon entry of the Consent Order, D. Hammond's counsel shall immediately disburse $150,000.00 of the Sales Proceeds to DLP pursuant to the below wiring instructions. TIME IS OF THE ESSENCE.

Cadence Bank
P.O. Box 4748
4219 Forsyth Road
Macon, GA 31208
ABA/Routing # 061104123
BER LAW P.C. IOLTA Account: 1000189744

      (b) Upon entry of the Consent Order, D. Hammond's counsel shall immediately disburse $100,000.00 of the Sales Proceeds to Groundfloor pursuant to the below wiring instructions. TIME IS OF THE ESSENCE.

Ameris Bank
3490 Piedmont Road
Atlanta, GA 30305
ABA/Routing # 061201754
Account Name: Robbins Ross Alloy BL LLC /IOLTA
Account # 0310005173

      (c) Upon the complete disbursement of the Sales Proceeds, Groundfloor consents and agrees that the DLP Judgments and DLP Fi Fas are valid liens as to D. Hammond, and that the DLP Fi Fas attach to any real property and may be attached to any personal property that D. Hammond may hold within any county where the DLP Fi Fas are recorded and waives any dispute as to the validity of same. DLP consents and agrees that the Groundfloor Judgment and Groundfloor Fi Fa is a valid lien as to D. Hammond and that the Groundfloor Fi Fa attaches to any real property and may be attached to any personal property that D. Hammond may hold within any county where the Groundfloor Fi Fa is recorded and waives any dispute as to the validity of same.

## 2. **RELEASES; LIMITATIONS THERETO**

2.1     Groundfloor hereby RELEASE, ACQUIT, and FOREVER DISCHARGE DLP and its predecessors, successors, assigns, officers, managers, directors, shareholders, partners, employees, agents, attorneys, legal representatives, representatives, parent corporations, subsidiaries, and affiliates (collectively, the "Affiliates"), jointly and severally, from any and all claims, counterclaims, defenses, demands, damages, debts, agreements, covenants, suits, contracts, obligations, liabilities, accounts, offsets, rights, actions and causes of action of any nature whatsoever, including, without limitation, all claims, demands and causes of action for contribution and indemnity, whether arising at law or in equity (including, without limitation, claims of fraud, breach of contract, tort, duress, mistake, tortious interference, usury, or control), whether presently possessed or possessed in the future, whether known or unknown, whether liability be direct or indirect, liquidated or unliquidated, whether presently accrued or to accrue hereafter, whether absolute or contingent, foreseen or unforeseen, and whether or not heretofore asserted, for or because of or as a result of any act, omission, communication, transaction, occurrence, representation, promise, damage, breach of contract, fraud, violation of any statute or law, commission of any tort, or any other matter whatsoever or thing done, omitted or suffered to be done by the DLP or any of its respective Affiliates relating to the Sale Proceeds, DLP Judgments and DLP Fi Fas, which has occurred in whole or in part, or was initiated at any time from the beginning of time up to and immediately preceding the moment of the last Parties' execution of this Agreement. Groundfloor further covenants not to sue DLP and the Affiliates for any matters released by it in this Agreement. Notwithstanding the foregoing, nothing in this Agreement is intended to or shall release any claims Groundfloor has or may have against D. Hammond, H. Hammond, or Dexter Hull ("Hull") whatsoever.

2.2     DLP hereby RELEASES, ACQUITS, and FOREVER DISCHARGES Groundfloor and its predecessors, successors, assigns, officers, managers, directors, shareholders, partners, employees, agents, attorneys, legal representatives, representatives, parent corporations, subsidiaries, and affiliates (collectively, the "Groundfloor Affiliates"), jointly and severally, from any and all claims, counterclaims, defenses, demands, damages, debts, agreements, covenants, suits, contracts, obligations, liabilities, accounts, offsets, rights, actions and causes of action of any nature whatsoever, including, without limitation, all claims, demands and causes of action for contribution and indemnity, whether arising at law or in equity (including, without limitation, claims of fraud, breach of contract, tort, duress, mistake, tortious interference, usury, or control), whether presently possessed or possessed in the future, whether known or unknown, whether liability be direct or indirect, liquidated or unliquidated, whether presently accrued or to accrue hereafter, whether absolute or contingent, foreseen or unforeseen, and whether or not heretofore asserted, for or because of or as a result of any act, omission, communication, transaction, occurrence, representation, promise, damage, breach of contract, fraud, violation of any statute or law, commission of any tort, or any other matter whatsoever or thing done, omitted or suffered to be done by Groundfloor or any of its respective Groundfloor Affiliates relating to the Sale Proceeds, Groundfloor Judgment and Groundfloor Fi Fa, which has occurred in whole or in part, or was initiated at any time from the beginning of time up to and immediately preceding the moment of the last Parties' execution of this Agreement.  DLP further covenants not to sue Groundfloor and the Groundfloor Affiliates for any matters released by them in this Agreement.

Notwithstanding the foregoing, nothing in this Agreement is intended to or shall release any claims DLP has or may have against D. Hammond, H. Hammond, or Hull whatsoever.

3. **OTHER AGREEMENTS, ACKNOWLEDGMENTS, REPRESENTATIONS AND WARRANTIES**. The Parties acknowledge, represent, warrant, affirm and confirm the following:

   a. The Parties have read this Agreement, understand the effect and scope of this Agreement and have had the assistance of separate legal counsel of their choice in carefully reviewing, discussing and considering all terms of this Agreement or have elected to enter into this Agreement without consulting legal counsel.

   b. The Parties' execution and delivery of this Agreement is not based upon reliance upon any representation, understanding or agreement not expressly set forth herein. No party has made any representations to any other party (or such party's agent) not expressly set forth herein.

   c. The Parties execute and deliver this Agreement as a free and voluntary act, without any duress, coercion or undue influence exerted by or on behalf of any other party.

   d. The Parties have full and complete authorization and power to execute this Agreement in the capacity herein stated. This Agreement is a valid, binding and enforceable obligation and does not violate any law, rule or regulation, or any contract or agreement to which it is a party.

   e. The Parties have not conveyed, transferred, assigned, pledged or otherwise encumbered any claim or causes of action covered by the releases set forth in Section 2 of this Agreement.

   f. The Parties represent that this Agreement is not being made or entered into with the actual intent to hinder, delay, or defraud any entity or person.

4. **SEPARABILITY.** If any term, provision, covenant or condition of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remainder of the provisions shall remain, in full force and effect and shall in no way be affected, impaired or invalidated. This Agreement is, and shall be deemed to be, the product of joint drafting by the parties hereto and shall not be construed against any of them as the drafter hereof.

5. **APPLICABLE LAW.** This Agreement is entered into, under and shall be governed by and construed in accordance with the internal laws of the State of Georgia without regard to such jurisdiction's principles of conflicts of law. The Parties agree that all claims, disputes, and other matters arising out of or relating to this Agreement, or the breach thereof, will be decided by proceedings instituted and litigated in the Superior or State Court of Fulton County,

5

Georgia or the Bankruptcy Court for the Northern District of Georgia and Debtor consent to the jurisdiction and venue of said courts.

6. **COUNTERPARTS.** This Agreement may be executed in multiple identical counterparts, each of which when duly executed shall be deemed an original, and all of which taken together will constitute one and the same written agreement, which will be binding and effective as to all parties. This Agreement will not be binding on or constitute evidence of a contract between the parties hereto until such time as a counterpart has been executed by such party and a copy thereof is delivered to each other party to this Agreement. The signatures to this Agreement may be evidenced by a facsimile or computer-scanned (PDF) copy reflecting the Party's signature hereto, and any such copy shall have the same effect as an original. The Parties mutually agree to accept the other Party's facsimile or computer-scanned signature of this Agreement, and to be bound by its own facsimile or computer-scanned signature of this Agreement.

7. **TIME IS OF THE ESSENCE.** Time shall be of the essence with respect to each and every of the various undertakings and obligations of the Parties as set forth in the Agreement.

8. **SUCCESSORS AND ASSIGNS.** All rights and obligations of the Parties hereunder shall inure to the benefit of, and bind, the Parties' successors, assigns, heirs, administrators, executors and legal representatives and estate .

9. **COOPERATION.** Prior to and at all times following the date of this Agreement, the Parties agree to execute and deliver, or to cause to be executed and delivered, such documents and to do, or cause to be done, such other acts and things as might reasonably be requested by any of the Parties to assure that the benefits of this Agreement are realized by the Parties.

10. **ATTORNEYS' FEES.** In the event that any party breaches this Agreement and the enforcement of this Agreement or recovery of damages for breach hereof is obtained by law or legal proceedings through an attorney at law, all costs of collection or enforcement, including reasonable attorneys' fees in the amount of 15% of outstanding principal and interest, shall be paid by the breaching party to the non-breaching party.

11. **NO THIRD PARTY BENEFICIARIES.** Nothing in this Agreement, expressed or implied, is intended to confer upon any party other than the parties hereto any rights, remedies, obligations or liabilities under or by reason of this Agreement or the Settlement effectuated hereby.

12. **CONSTRUCTION OF AGREEMENT.** Each party acknowledges that it has had the opportunity to negotiate modifications to the language of this Agreement. Accordingly, each party agrees that in any dispute regarding the interpretation or construction of this Agreement, no presumption will operate in favor of or against any party hereto by virtue of its role in drafting or not drafting the terms and conditions set forth herein.

(a) This Agreement shall be binding upon each of the Parties hereto, and upon their respective heirs, successors, and assigns, and shall inure to the benefit of each of the Parties hereto, and their respective heirs, successors, and assigns.

(b) This Agreement is entered into in the State of Georgia, and the interpretation, construction, and enforcement of the terms of this Agreement shall be governed by the laws of Georgia or Federal Bankruptcy law.

(c) Each person executing this Agreement on behalf of a corporation warrants and represents that he or she has been fully authorized to execute this Agreement on behalf of such corporation and that such corporation is bound by the signature of such representative.

(d) The Bankruptcy Court for the Northern District of Georgia shall retain jurisdiction over the enforcement of this Agreement.

13. **ENTIRE UNDERSTANDING.** This Agreement contains the entire understanding of the parties hereto with respect to its terms. This Agreement and all documents, instruments, and agreements executed in connection herewith incorporate all of the discussions and negotiations between the Parties, either expressed or implied, concerning the matters included herein and in such other documents, instruments and agreements, any statute, custom, or usage to the contrary notwithstanding. No such discussions or negotiations shall limit modify, or otherwise affect the provisions hereof. The Parties hereby acknowledge that there have been no representations, warranties, covenants or understandings other than those expressly set forth herein. No change, modification or waiver of any of the provisions of this Agreement will be binding unless signed by the party against whom the same is sought to be enforced. None of the terms or provisions of this Agreement, may be changed, waived, modified, discharged, or terminated except by an instrument in writing executed by the party against whom or which enforcement of the change, waiver, modification, discharge or termination is asserted. None of the terms or provisions of this Agreement shall be deemed to have been abrogated or waived by reason of any failure or failures to enforce the same.

[*SIGNATURES ON FOLLOWING PAGE*]

Executed as of the day and year first above written.

**DLP Lending Fund, LLC**

By:_____
Its:_____

**Groundfloor Holdings GA, LLC**

By: *Nick Bhargava (Mar 30, 2023 14:45 EDT)*
Its:      Co-Founder

Executed as of the day and year first above written.

DLP Lending Fund, LLC

By: /s/ *signature*
Its: Christopher B. Rooney, Authorized Signatory

**Groundfloor Holdings GA, LLC**

By: _____
Its: _____

8

```
Label Matrix for local noticing          1st Franklin                               1st-frnkln
113E-4                                   402 E Church Street, Suite 109             402 E Church Street, Suite 109
Case 22-40790-pwb                        Cartersville, GA 30121-3304                Cartersville, GA 30121-3304
Northern District of Georgia
Rome
Fri Mar  3 16:22:32 EST 2023

Patti H. Bass                            Matthew Thomas Berry                       Collins Asset Group, LLC
Bass & Associates, PC                    Matthew T. Berry & Associates              Bass & Associates, P.C.
Suite 200                                Suite 600                                  3936 E. Ft. Lowell Rd, Suite #200
3936 E. Ft. Lowell Road                  2751 Buford Highway, NE                    Tucson, AZ 85712-1083
Tucson, AZ 85712-1083                    Atlanta, GA 30324-5457

Convergent Outsourcing, Inc.             Credit Management LP                       EMERGENCY COVERAGE CORPORATION
Attn: Bankruptcy                         6080 Tennyson Parkway                      PO BOX 1123
800 SW 39th St, Ste 100                  Suite 100                                  MINNEAPOLIS, MN 55440-1123
Renton, WA 98057-4927                    Plano, TX 75024-6002

EMERGENCY COVERAGE CORPORATION           First Investors Financial Services         First Investors Servicing Corporation
c/o Wakefield & Associates, LLC          380 Interstate North Parkway               3065 Akers Mill Rd Suite 700
PO Box 51272                             3rd Floor                                  Atlanta, Georgia 30339-3124
Knoxville, TN 37950-1272                 Atlanta, GA 30339-2222

(p)GEORGIA DEPARTMENT OF REVENUE         Internal Revenue Service                   Joshua Rezutko
COMPLIANCE DIVISION                      401 W. Peachtree St NW                     1992 Twin Mountain Lake Circle
ARCS BANKRUPTCY                          Stop 334-D                                 Talking Rock, GA 30175-3946
1800 CENTURY BLVD NE SUITE 9100          Atlanta, GA 30308-3539
ATLANTA GA 30345-3202

Brandi L. Kirkland                       Lendmark Financial Service                 (p)LENDMARK FINANCIAL SERVICES
K. Edward Safir, Chapter 13 Trustee      1735 North Brown Road                      2118 USHER ST
285 Peachtree Center Ave., Ste. 1600     Suite 300                                  COVINGTON GA 30014-2434
Atlanta, GA 30303-1229                   Lawenceville, GA 30043-8228

Lendmark Financial Services, LLC         Mariner Finance                            Money Tree
9040 Roswell Rd Suite 205                Attn: Bankruptcy                           1494 Rosedale St.
Atlanta, GA 30350-1892                   8211 Town Center Drive                     Toccoa, GA 30577-2886
                                         Nottingham, MD 21236-5904

National Credit Adjusters, LLC           National Credit Adjusters, LLC             Northgalns
327 West 4th Avenue                      Attn: Bankruptcy Department                256 Industrial Blvd
PO Box 3023                              P.O. Box 3023                              Ellijay GA 30540-3712
Hutchinson, KS 67504-3023                Hutchinson, KS 67504-3023

Carrie L Oxendine                        Keesha Carleen Rezutko                     Beth E. Rogers
Matthew T. Berry & Associates            2231 Highway 411                           Ber Law, P.C.
Suite 600                                Lot 5                                      9040 Roswell Road
2751 Buford Highway NE                   Fairmont, GA 30139                         Suite 205
Atlanta, GA 30324-5457                                                              Atlanta, GA 30350-1853

K. Edward Safir                          Security Finance                           Susan H. Senay
Standing Chapter 13 Trustee              Attn: Bankruptcy                           Matthew T. Berry & Associates
Suite 1600                               PO Box 1893                                Suite 600
285 Peachtree Center Ave. NE             Spartanburg, SC 29304-1893                 2751 Buford Highway NE
Atlanta, GA 30303-1259                                                              Atlanta, GA 30324-5457
```

```
Seventh Ave                        Seventh Ave/Swiss Colony Inc       Seventh Avenue
Attn: Bankruptcy                   Attn: Bankruptcy                   c/o Creditors Bankruptcy Service
1112 7th Avenue                    1112 7th Ave                       P.O. Box 800849
Monroe, WI 53566-1364              Monroe, WI 53566-1364              Dallas, TX 75380-0849


(p)SUNSET MANAGEMENT CO LLC        The Swiss Colony                   Total Visa/tbom/vt
ATTN KRISTIN WILSON                c/o Creditors Bankruptcy Service   Po Box 85710
510 MOUNTIAN VIEW DR               P.O. Box 800849                    Sioux Falls, SD 57118-5710
SUITE 500                          Dallas, TX 75380-0849
SENECA SC 29672-2145


United States Attorney             (p)WAKEFIELD & ASSOCIATES          World Finance
Northern District of Georgia       PO BOX 51272                       Po Box 6429
75 Ted Turner Drive SW, Suite 600  KNOXVILLE TN 37950-1272            Greenville, SC 29606-6429
Atlanta GA 30303-3309


World Finance
c/o World Acceptance Corp.
Attn: Bankruptcy Processing Center
PO Box 6429
Greenville, SC 29606-6429
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Georgia Department of Revenue      Lendmark Financial Services LLC    Sunset Finance
Bankruptcy Unit                    2118 Usher St.                     Attn: Bankruptcy
1800 Century Blvd, NE, Ste 9100    Covington, GA 30014                902 By Pass 123, Ste A
Atlanta, GA 30345                                                     Seneca, SC 29678


(d)Sunset Finance CO LLC           (d)Sunsetfina                      Wakefield & Associates
510 Mountain View Dr               510 Mountain View Dr               Attn: Bankruptcy
Suite 500                          Seneca, SC 29672                   7005 Middlebrook Pike
Seneca, SC 29672                                                      Knoxville, TN 37909
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Lendmark Financial Service      End of Label Matrix
1735 North Brown Road              Mailable recipients    39
Suite 300                          Bypassed recipients     1
Lawenceville, GA 30043-8228        Total                  40
```