UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 22-54243-jwc |
| DORSEY LEON HAMMOND, ) | |
| ) | |
| Debtor ) | CHAPTER 11 |
| ) | |

**RULE 2016 DISCLOSURE STATEMENT OF COMPENSATION
OF ATTORNEY FOR DEBTOR**

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am an officer in the law firm of Lamberth, Cifelli, Ellis & Nason, P.A., (the "Firm") and that compensation paid to the Firm within one year before the filing of the petition in bankruptcy, or agreed to be paid to the Firm, for services rendered or to be rendered on behalf of Debtor in contemplation of or in connection with the bankruptcy case is as follows:

a. Debtor's primary asset was his residence at 2251 Verna Drive, Decatur, GA 30034 (the "Residence");

b. Debtor claimed an exemption in the amount of $10,000 in the Residence (the "Homestead Exemption");

c. Pursuant to the *Order Granting Motion to Sell Real Property and Approving Lease* (Doc. No. 47), Debtor sold the Residence;

d. The net proceeds from the sale of the Residence totaling $250,000 (the "Sale Proceeds") were held in trust by Debtor's former counsel (Doc. No. 54);

e. The Firm filed its *Substitution of Counsel* on April 12, 2023 (Doc. No. 97);

f. Debtor filed his *Application to Employ Lamberth, Cifelli, Ellis & Nason, P.A., as Counsel for Debtor* on April 12, 2023 (Doc. No. 98);

g. On April 13, 2023, Debtor filed his *Motion to Avoid Judgment Liens Pursuant to 11 U. S. C. § 522* (Doc. No. 100), seeking, among other things, to avoid the judgment liens of DLP Lending Fund, LLC, and Groundfloor Holdings GA, LLC (collectively, the "Judgment Creditors"), in and to the portion of the Sale Proceeds to which the Homestead Exemption attached;

h. Pursuant to a *Consent Order* (Doc. No. 103), former counsel disbursed the Sale Proceeds as follows: $240,000 to the Judgment Creditors and $10,000,

    representing the portion of the Sale Proceeds to which the Homestead Exemption attached, to the Firm to be held in trust pending further order;

i. On May 17, 2023, the Court entered its *Order Avoiding Judgment Liens Pursuant to § 522 of the Bankruptcy Code* (Doc. No. 108), avoiding, among other things, the liens of the Judgment Creditors in and to the portion of the Sale Proceeds to which the Homestead Exemption attached;

j. In his agreement engaging the Firm, Debtor agreed that the portion of the Sale Proceeds to which the Homestead Exemption attached would, upon avoidance of the liens of the Judgment Creditors, be paid to the Firm as a retainer for services to be provided;

k. Accordingly, the Firm holds a retainer in the amount of $10,000 representing the portion of the Sale Proceeds to which the Homestead Exemption attached;

l. For legal services, the Firm will charge its standard hourly rates;

m. The fees have not been shared and will not be shared with any other person, other than members and associates of the Firm.

Dated: May 18, 2023

                LAMBERTH, CIFELLI,
                ELLIS & NASON, P.A.
                Attorneys for Debtor

                By: */s/ G. Frank Nason, IV*
                      G. Frank Nason, IV
                      Georgia Bar No. 535160

6000 Lake Forrest Drive, NW
Suite 435
Atlanta, Georgia 30328
(404) 262-7373
(404) 262-9911 (facsimile)

## Certificate of Service

This is to certify that I have on this day electronically filed the foregoing *Rule 2016 Disclosure Statement of Compensation of Attorney for Debtor* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Dated: May 18, 2023

                                                              /s/ *G. Frank Nason, IV*
                                                              G. Frank Nason, IV

6000 Lake Forrest Drive, NW
Suite 435
Atlanta, Georgia 30328
(404) 262-7373